ROSENBERG *v.* FLACK. ADLER *et al. v.* SAME. EGGERBRECHT *et al. v.* SAME. BOLEY *v.* SAME.

(*Supreme Court, General Term, First Department.* June 6, 1890.)

REPLEVIN—DISCONTINUANCE—MOTION TO SET ASIDE.

Where replevin against a sheriff to recover goods levied on as the property of the execution debtor is discontinued by plaintiff without returning the goods to the sheriff, the discontinuance will be set aside, and the execution debtor allowed to contest the claim of plaintiff in replevin.

Appeal from special term, New York county.

Four actions by Charles Rosenberg, Alfred Adler and others, Carl Eggerbrecht and others, and Morris Boley, respectively, against James A. Flack, to recover goods seized by defendant as sheriff under execution against John Brandt. Orders of discontinuance in the several actions were set aside, and the execution debtor, Brandt, was made a defendant therein, and plaintiffs appeal.

*A. H. Bewick,* for appellants Rosenberg and Boley. *Leonard Bronner,* for appellants Adler and others. *Shafer & Gottgetreu,* for appellants Eggerbrecht and others. *Abram Kling,* for respondent Brandt.

DANIELS, J. Louis Tobias, in the early part of November, 1889, recovered a judgment against John Brandt, and issued an execution thereon to the sheriff of the county of New York, who levied upon the goods in the store of the debtor. After that levy, and in the early part of the same month, the plaintiffs in these four actions commenced their suits in replevin to recover portions of the property levied upon by the sheriff. The judgment creditor was requested to indemnify the sheriff against these actions, and he failed to do so, and, by an agreement between the attorney for the sheriff and the attorney for the plaintiffs in these four actions, they were discontinued, and the property appears to have remained in the possession of the plaintiffs in the four actions, without any part of it having been returned to the sheriff as a consequence of the discontinuances. And an application was made on behalf of Brandt, the debtor in the execution, to be made a party to these actions, for the purpose of contesting the title of the plaintiffs in them to the goods affected by the proceedings in replevin. This motion was in the first instance made without any unreasonable delay, but it was denied because of the fact that Brandt himself had not by his own affidavit supported the application. Leave, however, was reserved to the debtor to renew the motion; and that was done early in February, 1890, and resulted in the order from which the appeal has been taken.

The period was quite brief between the denial of the first motion, and the making of the second,—so much so as to exclude the imputation of want of

diligence of the party in whose behalf it was made; and even the short delay which intervened is explained by the circumstance that it was desirable to bring the second motion before the court held by the justice presiding when the first was made, on account of his acquaintance with the facts, acquired on the hearing and disposition of the first motion.   The proceedings by which the actions in replevin were discontinued were quite unusual; for the result of their discontinuance, legally, would be to place the property affected by the actions in replevin again in the custody of the sheriff under the execution, for no trial or investigation whatever took place in those actions, determining the right of the respective plaintiffs to the recovery of the possession of the property in those actions.   The natural, as well as the legal, effect of the discontinuance of the actions, under these circumstances, would be the abandonment of the claims made, and the surrender of the property to the sheriff, in whose custody it was at the time when the proceedings in replevin were taken; and this was a statutory part of the action, as it was regulated and provided for by the Revised Statutes, for, where the defendant recovered judgment by discontinuance, a part of that judgment, necessarily, was for the return of the goods and chattels replevied to him, unless he elected to waive such return, and take judgment for the value of the property.   3 Rev. St. (6th Ed.) p. 836, §§ 16, 18.   But these provisions appear to have been repealed by section 1, subd. 3, c. 245, Laws 1880.   But notwithstanding their repeal the principle maintained in their enactment is still applicable to litigation of this description; for it must necessarily follow, when the action in replevin is discontinued, that the claim of the plaintiff to the property affected by it will be abandoned.   That this was not the effect given to the discontinuance of these actions is a strong circumstance indicating that to have been conclusive, and for the purpose of securing to the plaintiffs in the replevin suits an advantage over the judgment debtor which they were not entitled to claim, and in judgment of law could not be maintained.   The judgment debtor claims to be the owner of this property, and that the plaintiffs in the replevin suits were not entitled to obtain its possession.   The property affected by the actions in replevin was the subject of those actions; and, by section 452 of the Code of Civil Procedure, when this debtor applied to be made a party to those actions, he was entitled to that relief, for this section has provided that, where a person not a party to the action has an interest in the subject thereof, and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment.   That is what the order did in this case, in addition to vacating the discontinuance of these actions in replevin. The part of the order making Brandt a party is supported by this section of the Code, and that part of it vacating the discontinuance of the actions, by the circumstance that it was not authorized upon any other terms or conditions than the return of the property to the sheriff; and the fact of this having been dispensed with is decisive evidence of a conclusive arrangement resulting in the discontinuance.   The court owed it to itself, as well as the party affected by that proceeding, to vacate the discontinuance, and restore the actions to such a condition as will enable Brandt to contest the plaintiffs' right to recover the property in the actions of replevin.   The order should be affirmed, with $10 costs, and the disbursements.   All concur.