MAYNARD v. BOND, *Appellant.*

**Receiver:** WHEN HIS TITLE ACCRUES. The title of a receiver to the property which is the subject of the receivership, attaches from the date of the order of court appointing him; it is not deferred until he gives bond in compliance with the order.

*Appeal from Pettis Circuit Court.*—HON. WILLIAM T. WOOD, Judge.

On the 9th of December, 1874, Maynard recovered judgment against the M. K. & T. Railway Company. On the following day execution was issued, and on the 18th

day of January, 1875, the First National Bank of Sedalia was garnished as debtor to the company. Bond was appointed receiver of the property of the company. The appointment was made by the circuit court of the United States for the District of Kansas on the 31st of December, 1874, and by the circuit court of the United States for the Western District of Missouri, on the 12th of January, 1875. Ever since his appointment he has been in possession of the road and its property. He, however, did not file his bond, and it was not approved until some forty days after his appointment. On the 1st day of January, 1875, the bank was notified of his appointment. The contest between the parties to this suit is as to certain money in the hands of the garnishee to the credit of the company.

*John Montgomery, Jr.,* for appellant.

1. A receiver's title and right to possession of property which is the subject of the receivership, vests, by relation, back to the date of the order of his appointment, although the proceedings may not be perfected until a later date, and the receiver's title and right to possession during the interval between such original order and the time of perfecting his appointment, are superior to those of a judgment creditor, who levies upon the property under his judgment during such interval. High on Receivers, § 136; *Rutter v. Tallis,* 5 Sandf. 610; Edwards on Receivers, p. 98, *et seq; Steele v. Sturges,* 5 Ab. Pr. 442; *Levy v. Cavanaugh,* 2 Bosw. (N. Y.) 100; *Wilson v. Allen,* 6 Barb. 545; *Crowley v. Wallace,* 12 Mo. 147; *Alexander v. Merry,* 9 Mo. 524; *Weil v. Taylor,* 38 Mo. 545. The only way provided by statute for reaching the debtors of defendants in execution is by garnishment, and until such proceedings are had, no lien can attach upon the debt. *Osborn v. Cloud,* 23 Iowa 104.

*Snoddy & Short* and *L. L. Bridges* for respondent.

When a receiver's bond is filed, the appointment does not relate back to the date of the order making the appointment. Kerr on Receivers, pp. 157, 158; *Wickens v. Townsend*, 1 R. & M. 361; *Defries v. Creed*, 34 L. J. Ch. 607; *Farmers Bank v. Beaston*, 7 G. & J. (Md.) 421; *Noyes v. Rich*, 52 Me. 116. Until the appointment has been perfected and the receiver is actually in possession, a creditor is not debarred from proceeding to execution. Kerr on Receivers, p. 169; *Rankin v. Harwood*, 2 Phillips 22; *Ellicot v. U. S. Ins. Co.*, 7 Gill 307; *Howell v. Ripley*, 10 Paige 46; *Albany City Bank v. Schermerhorn*, 9 Paige 372. A receiver is in no case permitted to take charge of the property without first having given bond with approved security. *Simmons v. Henderson*, 1 Freeman Ch. 500; *Jones v. Dougherty*, 10 Ga. 281; *McDougald v. Dougherty*, 11 Ga. 584; *Williams v. Jenkins*, 11 Ga. 597; *Johns v. Johns*, 23 Ga. 31; *Whitehead v. Wooten*, 43 Miss. 523.

SHERWOOD, C. J.—The only question in this case is, whether the title or right to the possession of the receiver to the money owing by the bank to the original defendant took effect by reason of and from the date of the order of his appointment, or whether his right in the premises dates only from the time he gave bond in compliance with the order of his appointment. A receiver is said to be uniformly regarded as an officer of the court, exercising his functions but for the common benefit of all parties in interest. He is elsewhere spoken of as the "hand of the court," and the property or fund entrusted to his care is regarded as in *custodia legis*, and that his appointment is in effect an equitable execution. (High on Receivers, sections 1 and 2 and cas. cit.) In *Steele v. Sturgis*, (5 Ab. Pr. R. 442,) it is said: "The counsel for the sheriff only objects that he was prior in right to the receiver, because his levy was made before the receiver had executed and filed

the bond to be given by him. When the court, in such cases, appoints a receiver, it is because the court has first adjudged that the property is no longer to be under the control of the parties to the suit, but is thenceforth to be and is in the custody of the court. The receiver then becomes merely an agent through whom the court acts; and whether he be forthwith appointed by the court as in this case, or a reference be made to a master or referee to appoint one, in either case the effect is the same; the title of the receiver is of the date at which it is ordered that a receiver shall be appointed. Then the title of the partners to control, dies, and then the title of the court and of its agent and officer immediately succeeds. As in case of natural death, the formal title    *    *    *    *    *    of executor does not become complete until letters    *    *    * testamentary are granted as the evidence of title, but the title of the    *    *    *    executor, when he is appointed, takes effect from the moment death terminated the title of his testator; so, also, it is with the title of the receiver. The order of the court either impliedly or expressly takes the title from the parties, and vests it in the receiver from that moment. It is enough, however, if it took it from the parties; after that no execution against them could be levied upon it." And the motion that the sheriff deliver over the property to the receiver was granted. A similar enunciation was made in *Rutter v. Tallis*, (5 Sandf. 610,) and this Mr. High, in his recent work (High on receivers, § 136), announces as the better doctrine. A different result has been reached in Marylard, *Farmers' Bank v. Beaston*, ( 7 G. & J. 421,) and it is there held that the property of a defendant will not be sequestrated until actually reduced into the receiver's possession. This last case is the only one I find directly opposed to the New York authorities, and also to that of *Fairfield v. Weston*, (2 Sim. and Stu. 98,) and to Edwards on Receivers, (pp. 4 and 22.) We incline to the opinion that the receiver's appointment should date from the time the order is entered,

regarding this view as better sustained by reason, as it certainly is by authority, and we the more readily incline to this view because, if upheld, it will greatly tend to prevent any unseemly conflict of jurisdiction, and because, further, a party claiming an adverse interest may appeal to the court appointing the receiver for leave to take the necessary steps to protect that interest. High on Receivers, § 142; Sto. Eq., § 833. Holding these views, the judgment of the court, not being in conformity thereto, must be reversed and the cause remanded. All concur.

REVERSED.