Mechanics' National Bank of New York and another vs. Landauer.

---

MECHANICS' NATIONAL BANK OF NEW YORK and another, Appellants, vs. LANDAUER, Receiver, etc., Respondent.

*December 22, 1886 — January 11, 1887.*

RECEIVERS.   *(1) Action against receiver: Discretion.    (2) Fraudulent conveyances: Parties.    (3) Partnership: Loss of good-will by receiver.    (4) Removal of receiver.*

1. It rests in the discretion of the court to allow a party to bring an independent action against a receiver, or to compel him to proceed by petition in the action in which the receiver was appointed.   If the relief sought can be obtained by such petition it is no abuse of discretion to refuse to grant leave to bring an action.

2. A receiver appointed in an action for the dissolution of a partnership is not a necessary party to a suit by certain creditors to set aside alleged fraudulent transfers of the firm property, made before his appointment, or to establish the prior right of such creditors to the assets in his hands.

3. If such receiver has suffered the good-will of the firm to be lost he may be held to account for its value by a proceeding in the action for dissolution.

4. A proceeding for the removal or suspension of a receiver must be taken in the case in which he is receiver.

APPEAL from the County Court of *Milwaukee* County.

In August, 1884, Elias D. Davis and Ezra Michelbacher were partners in business in Milwaukee, and, being largely in debt and insolvent, they executed several judgment notes, amounting in all to about $15,000, to three different persons. Judgments were immediately entered on these notes in the circuit court, executions were issued, and the judgment debtors' entire stock of goods was seized by virtue thereof and sold to satisfy the judgments. The proceeds of the sale, amounting to something over $11,000, were distributed among the judgment creditors.

Immediately after such sale, persons friendly to Davis & Michelbacher organized a corporation, known as the "E. D. Davis Trading Company, Limited," for the purpose of carrying on the former business of the firm, which it did, and thus acquired the good-will of that business without paying for it. Elias D. Davis was the manager of the corporation business.

As soon as the above-mentioned judgments were entered, Davis commenced an action in the county court against Michelbacher for dissolution of their copartnership, and the closing up of the business of the firm. By consent of the parties, *Max Landauer*, the respondent, was appointed receiver of the property of the firm. Nothing came into his hands as such receiver except the books of account of the firm, on which he has made some collections.

The appellant the *Mechanics' National Bank of New York* is the owner of three judgments, and the appellant the *First National Bank of Chicago* is the owner of two judgments, all recovered between February 23 and June 14, 1885, against the firm of Davis & Michelbacher, upon all of which executions were duly issued and returned wholly unsatisfied on or before December 4, 1885. These judgments amount, in the aggregate, to about $20,000.

Directly after the foregoing transactions, the appellants

filed their complaint in the county court, in the nature of a creditors' bill, naming as defendants therein the former partners, Davis & Michelbacher, the three judgment creditors first above mentioned, and the respondent, *Max Landauer*, as receiver of the effects of Davis & Michelbacher. This complaint states the above transactions; alleges that the firm of Davis & Michelbacher was not indebted to either of the persons to whom such judgment notes were executed, states the relation and business connections with each other of the persons named as defendants; and charges that all their transactions, as above stated, were collusive and fraudulent, and were the results of a previous fraudulent scheme and conspiracy on their part to cheat the creditors of the firm, including the appellants, out of their just debts.

The prayer for relief is substantially (1) that all the above transactions taken together be declared to amount to a voluntary assignment by Davis & Michelbacher for the benefit of creditors, with preferences, and that the same be adjudged void; (2) that the judgment and execution creditors who received the proceeds of the sale of the stock of goods pay over to the appellants the amount so realized by them; (3) that the receiver account and pay over to the appellants, or the receiver appointed in their said action, the amount realized by him out of the assets of the firm, and the just value of the good-will of the firm, that he assign and transfer to the appellants or their said receiver the unconverted assets of the firm, and that he be suspended from his office of receiver; (4) prayers for an injunction against all of the defendants, and the appointment of a receiver in the appellants' action, or that the court in such action assume control of the respondent, as such receiver.

Thereupon, before service of summons on either of the defendants, the appellants intervened in the case of *Davis v. Michelbacher*, and petitioned the county court for leave to sue the receiver, *Max Landauer*, in the proposed creditors'

suit. The petition was founded upon the complaint filed in the latter suit. The petition was denied. This appeal is by the two banks, the plaintiffs in the creditors' suit, from the order denying the petition and refusing to grant leave to sue the receiver.

For the appellants the cause was argued orally by *T. R. Shepard.* [No brief on file.]

For the respondent there was a brief by *Jenkins, Winkler, Fish & Smith,* and oral argument by *Mr. Winkler.*

LYON, J. The general question to be determined on this appeal is, Should the county court have granted leave to the appellants to sue the receiver in the proposed creditors' suit? The rules of practice which must control the answer to this question are thus stated by Mr. High in his valuable treatise on the Law of Receivers: "The more common practice, and that which has been generally commended by the courts, is to hear and determine all rights of action and demands against a receiver by petition in the cause in which he was appointed, without remitting the parties to a new and independent suit; and it rests wholly within the discretion of the court to grant leave to bring an independent action against its receiver, or to determine the controversy upon petition in the original cause, directing, if necessary, an issue to be tried by a jury as to questions of fact or of damages. . . . So, if an equitable right or title is asserted in property which is in the custody of a receiver, the court will not ordinarily permit an action to be brought against him, but will require the claimant to proceed by petition; and persons having a claim or lien upon a fund in a receiver's hands should assert such claim by petition, rather than by an action against the receiver." Sec. 254*b*. This is undoubtedly a correct statement of the rules of practice in this behalf which now prevail.

It rests, therefore, in the discretion of the court to allow

a party claiming rights against its receiver to bring an independent action against him, or to compel such party to proceed against him by petition in the action in which he is receiver. With the exercise of such discretion this court cannot interfere on appeal, unless there has been a manifest abuse of it. In the present case, if the appellants can obtain the same relief against the receiver by petition in the action in which the receiver was appointed that they seek in the creditors' suit, it certainly was no abuse of discretion to deny the petition for leave to sue the receiver in the latter suit.

It appears from the statement of facts herein that the objects of the proposed creditors' suit are (1) to compel the judgment creditors of Davis & Michelbacher, who received the proceeds of the execution sales of the stock of goods, to pay over the amount thereof to the two banks, the appellants, to apply on their judgments against Davis & Michelbacher; (2) to obtain an appropriation of the accounts of that firm in the hands of the receiver, the respondent, and the moneys collected by him thereon, to the payment of their demands; and (3) to enforce payment of a reasonable sum by the respondent for the good-will of such firm, to be applied in like manner. All other relief prayed is only subsidiary to or in aid of these general objects.

Can these objects, so far as they affect the receiver, be as well accomplished by petition in the action to dissolve the partnership of Davis & Michelbacher, in which he was appointed, as they can be in an independent action against the receiver? If so, the order refusing leave to sue should be affirmed.

1. The receiver, as such, has no concern with the claim against the judgment debtors of Davis & Michelbacher for the proceeds of the execution sales. He is not a necessary party to the proposed creditors' suit to enable the appellants to reach that fund. If he was a party to the conspir-

acy and fraud which resulted in putting that fund in the hands of such judgment creditors, as is charged, such fraud and wrong has no connection with his receivership, and any liability therefor by him to the appellants is purely a personal liability. In order to maintain a personal action against him on account of such liability (if any exists), no leave of court is necessary.

2. If the appellants succeed in establishing a prior lien upon the assets of the firm, to wit, the accounts of the firm and the money collected thereon by the receiver, the court may enforce that lien by its order made in the action of *Davis v. Michelbacher* to dissolve the partnership and wind up its affairs. The receiver was appointed to preserve the assets of the firm *pendente lite*, which includes the collection of its accounts, and to hold the same for the ultimate disposal thereof by the court according to the rights and priorities of all parties interested. He took no title to the property, and has no lien upon it. The title thereto remains, as it was, before his appointment, in Davis & Michelbacher, subject to the control of the court. High on Receivers, sec. 5. Hence the receiver is not a necessary party to the creditors' suit to enable the appellants to establish, if they can, their prior right to the assets in his hands, or to obtain the appropriation thereof to the payment of their demands.

3. If, as charged, there was a valuable good-will pertaining to the business of the firm when the receiver was appointed, which he might and ought to have sold, but which he suffered to be lost, the court, by a proceeding in the partnership suit, will hold him to account for its value, and order the same paid to the person who shows the paramount right to the money.

4. A proceeding for the removal or suspension of the receiver must necessarily be taken in the case in which he is receiver.

5. We are strongly pressed to determine whether the

transaction set out in the complaint in the proposed creditors' suit constitutes a voluntary assignment for the benefit of creditors, with preferences to the persons to whom the judgment notes were given. But we do not reach that question, for, in the view we have taken of the case, it is immaterial on this appeal which way the question is answered. Hence we leave it undetermined.

It follows from the foregoing views that the refusal of the county court to grant leave to sue the receiver was not an abuse of its discretion.

*By the Court.*— Order affirmed.