JACOBSON, Appellant, vs. LANDOLT, Respondent.

*November 16 — December 4, 1888.*

*Partnership: Dissolution: Intervention by attachment creditor: Vacating appointment of receiver.*

One who has attached partnership property in the hands of a receiver appointed in an action for dissolution of the partnership may intervene in such action for the purpose of asserting his claim under the attachment, and may attack the validity of the appointment of the receiver by a petition setting forth the facts, upon which an issue may be made and determined. He cannot, however, attack such appointment in a summary proceeding by motion.

APPEALS from the Circuit Court for *Ozaukee* County.
The respondent, *William H. Landolt*, commenced an
action against one James W. Vail, on January 16, 1888, al-
leging in his complaint that the plaintiff and defendant
were copartners, doing business as bankers at the city of
Port Washington, in this state, under the firm name of
James W. Vail & Co.; that they both desired a dissolution
of such copartnership; that there were large assets belong-
ing thereto, and a large number of creditors of the firm;
and that the interests of all concerned required the appoint-
ment of a receiver of such assets, to be administered under
the direction of the court. On the same day Vail signed
an instrument in writing, as follows: " I hereby appear in
the above-entitled action and consent to the appointment
of a receiver therein." Also on the same day a receiver of
the partnership assets was appointed by a court commis-
sioner, and qualified as such by giving a bond as directed
by the commissioner.

Subsequently the appellant, *Neils Jacobson*, gave notice
of a motion to be heard March 6, 1888, for leave to inter-
vene in the action, and to vacate the order appointing a
receiver therein. The grounds for such motion were that
on the 17th day of January, the day after the receiver was
appointed, *Jacobson*, who was a creditor of the alleged part-
ners, commenced an action against them, and sued out a
writ of attachment therein, which was duly levied upon
certain property of the debtors then in the hands of the re-
ceiver; that no action was in fact commenced by *Landolt*
against Vail, because the summons had not been served
upon him and he had made no effectual appearance in the
action; that *Landolt* and Vail were not partners; that the
action, if one was commenced, was collusive and fraudulent;
that the commissioner had no authority to appoint a re-
ceiver; and that the complaint states no adequate cause
for the appointment of a receiver. The motion was brought

to a hearing at the time appointed therefor, upon affidavits and certain depositions taken under Circuit Court Rule XI. Pending the hearing of the motion, and on March 7, 1888, the circuit court made an order *ex parte* in the partnership suit, as follows: "The defendant having appeared in the above-entitled action on the 16th day of January, 1888, and having failed to answer or demur to the plaintiff's complaint, and it appearing that said copartnership is insolvent, and a large number of creditors having filed claims for a *pro rata* distribution of the assets in the hands of the receiver, and also that certain creditors claim liens upon or special rights in the property in the hands of the receiver of this court, on motion of Jenkins, Winkler & Smith, plaintiff's attorneys, it is ordered that all persons who have filed, or who may file, claims against said James W. Vail & Co., on their claiming an equal distribution of the assets in the hands of the receiver, be admitted as parties for the purposes of their respective claims, and that all persons who claim to have any liens upon or special rights in any property in the hands of the receiver, and may desire to do so, may present their respective claims to this court by petition duly verified, serving a copy of the petition on the attorneys for the receiver; that the receiver have leave within twenty days to answer the same, and the same may thereupon be heard in this court, or as the court shall direct. It is further ordered that the receiver heretofore appointed be and he is hereby authorized to bring suit within this state, or other states, for the purpose of recovering any demands due or assets belonging to said firm of James W. Vail & Co." The court afterwards denied the motion of *Jacobson* for leave to intervene and to vacate the order appointing a receiver. This order is dated March 28, 1888. The first appeal herein is by *Jacobson* from such order.

On May 4, 1888, *Jacobson* made a motion that he be admitted as a party to the partnership action, and that the

order of March 7, 1888, be vacated and set aside. On May 8, 1888, the court made an order denying such motion. From such last-mentioned order *Jacobson* also appeals.

*W. J. Turner* and *W. H. Timlin*, for the appellant.

For the respondent there were briefs by *Winkler, Flanders, Smith, Bottum & Vilas*, and oral argument by *H. C. Sloan*.

LYON, J. The rules of law upon which these appeals must be determined are not difficult, and may be very briefly stated. The appellant, *Jacobson*, who claims a special lien upon a portion of the copartnership property in the hands of the receiver, has the right to intervene in the partnership action for the purpose of asserting such lien. But inasmuch as the property came into the hands of the receiver before he levied his attachment upon it, in order to successfully assert his claim and lien thereupon it seems necessary that he should obtain a vacation of the order appointing the receiver. Hence he is entitled in some appropriate proceeding to attack the validity of such appointment. But a summary proceeding by motion is not the appropriate method of making such attack. This can only properly be done upon the petition of the party interested, setting forth the facts upon which he relies to obtain a vacation of the appointment. To such a petition the receiver, who is the officer of the court and represents all parties adversely interested, may interpose an answer, and take issue upon any of the facts stated in the petition. The issue thus made is to be determined in the regular course of judicial procedure by a trial thereof and a determination of the material facts involved. The order of March 7, 1888, provides that "all persons who claim to have any liens upon or special rights in any property in the hands of the receiver, and may desire to do so, may present their respective claims to this court by petition duly verified,

serving a copy of the petition on the attorneys for the receiver; that the receiver have leave within twenty days to answer the same, and the same may thereupon be heard in this court, or as the court shall direct." This order gives *Jacobson*, as well as all others similarly situated, the right to intervene in the partnership action, and to litigate therein any and all questions affecting his right to a paramount lien upon the property attached by him. It is scarcely necessary to add that nothing in the orders appealed from is *res adjudicata* upon any of the questions thus put in issue by the petition and answer.

Both of the orders appealed from were made after the order of March 7, 1888, and they deny the right of *Jacobson* to intervene. These orders while in force may be, and probably are, a modification of the order of March 7th, operating to except *Jacobson* from that order and bar his right to intervene in the action. For this reason that part of each of those orders which denies leave to *Jacobson* to intervene in the partnership action is erroneous.

For the reasons above stated, that portion of the order of March 28, 1888, first appealed from, which denies the motion to vacate the order appointing a receiver, was properly denied. That portion of the order of May 8th, from which the second appeal was taken, which denies the motion to vacate the order of March 7th, must also be affirmed, because the appellant could not be heard to make the motion before leave was granted him to intervene in the action, and because, in the condition the action then was, the order appears to have been a proper one and regularly made.

Our conclusions are therefore that so much of each of the orders appealed from as denies to *Jacobson* the right to intervene in the partnership action must be reversed, and the residue of each of such orders must be affirmed. Each party must pay his own costs.

*By the Court.*— Ordered accordingly.