BLUM and another, Appellants, vs. VAN VECHTEN, Garnishee, Respondent.

*January 31 — February 18, 1896.*

*Receivers: Garnishment: Partnership: Insolvency.*

A receiver appointed in an action to wind up and administer the affairs of an insolvent partnership cannot, without leave of the court appointing him, be garnished by creditors of the firm on account of property or funds in his hands or under his control as such receiver.

APPEAL from an order of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

On the 24th of December, 1894, Simon Dittenhoefer filed his complaint against Charles Hochstadter in the circuit court for Milwaukee county, setting up that Dittenhoefer, the plaintiff, and the defendant, Hochstadter, were, and for a considerable time had been, copartners in keeping a clothing store or stores and the selling of ready-made clothing, hats, caps, and furnishing goods, stating the terms of said partnership; that they owned and operated two stores, one at St. Paul, Minnesota, and one at Milwaukee; that they then had in their possession at said cities a large and valua-

ble stock of goods, and valuable good will and leasehold interests; that no equitable division of said assets, even if there were no debts, could be made without loss to the parties; that the stock in Milwaukee was of a value not exceeding $75,000, and the St. Paul stock of the value at cash prices of $30,000, and the store fixtures and furniture of the value of $1,000. The complaint stated that the firm was indebted in the sum of about $120,000 and was insolvent and unable to continue its business; that it was necessary to wind up the affairs of the partnership, and dispose of its property, and make an equitable distribution of its assets, and that the said partnership should be dissolved, neither party desiring to continue it, and the firm assets be used to pay its creditors; that an accounting be had, etc. The prayer was for a dissolution of the partnership, and the appointment of a receiver of its property and effects, with power to dispose of the same and collect all debts for the benefit of the parties interested; that the partnership debts be paid under the direction of the court, and the residue, if any, be divided according to the rights of the parties; and for general relief.

On the same day, the defendant, Hochstadter, by his attorney, appeared and filed a verified answer, admitting all the allegations of the complaint, and thereupon an order of that date was made, reciting that the parties had been heard, appointing one of the defendants in the present action, *Peter Van Vechten*, receiver of all the copartnership property and assets of said firm, upon his giving a bond in the sum of $50,000, with sureties to be approved by the court; and that, upon the approval and filing of such bond, all the copartnership property, assets, and effects be, and the same were thereby, according to the order, transferred to and vested in said receiver, with full power to demand and receive, collect and sue for the same; and that the parties assign, transfer, and deliver the same to such receiver; and that he have leave to apply to the court for direction in his receivership.

Blum and another vs. Van Vechten.

On the same day the receiver gave the required bond, which was approved and filed, and he took possession of the assets of said firm under said order, and has been in the constant possession and control of the same ever since.

On the 3d day of January, 1895, the plaintiffs in the present action commenced an action in the same court against said copartnership for the recovery of a money demand, and against *Peter Van Vechten*, as their garnishee, upon a proper affidavit for that purpose, and he was summoned to answer as such garnishee. Upon these facts, and the record and proceedings in both cases, the said receiver, *Van Vechten*, applied in this action, in which he had been garnished, for an order dismissing the same as to him. In opposition, the plaintiffs read an affidavit, in substance, that it was their intention, as soon as they should recover judgment, to apply to the court in the partnership action to intervene and become parties thereto, in order to contest the validity of the appointment of the receiver therein, and to have the same set aside, so that the lien obtained by virtue of the garnishment of said *Van Vechten* might be enforced, upon the ground that the court had no jurisdiction to appoint such receiver, that the appointment was contrary to and forbidden by statute, and fraudulent, and the proceedings in said partnership action and the said appointment of said *Van Vechten* as receiver were had and made for the purpose of hindering and delaying the creditors, and the plaintiff in particular.

Upon the hearing, the action as to *Van Vechten*, garnishee and receiver as aforesaid, was dismissed, with $10 costs of motion, and the plaintiffs appealed from the order of dismissal.

For the appellants there were briefs by *Turner, Bloodgood & Kemper*, and oral argument by *W. J. Turner*. To the point that the receiver had waived his privilege of exemption from garnishment, they cited Beach, Receivers, § 653; *Hubbell v. Dana*, 9 How. Pr. 424; *Jay's Case*, 6 Abb. Pr.

Blum and another vs. Van Vechten.

293; *Naumburg v. Hyatt,* 24 Fed. Rep. 901; *In re Young,* 7 id. 855.

For the respondent there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *W. K. Gibson.* They argued, among other things, that "when a receiver is duly appointed of the effects of a copartnership in an action brought by a creditor of the firm he cannot be garnished by judgment creditors of the firm as to partnership assets in his hands, such assets not being subject to garnishee process." "Such liability, if recognized, would defeat the very ends for which he was appointed, since a judgment at law upon the garnishment would, if recognized and sustained, entirely divest the jurisdiction of equity." High, Receivers, § 151; *Richards v. People,* 81 Ill. 551; *McGowan v. Myers,* 66 Iowa, 99; *People ex rel. Tremper v. Brooks,* 40 Mich. 333; *Columbian Book Co. v. De Golyer,* 115 Mass. 67; *Jackson v. Lahee,* 114 Ill. 287, 294; 20 Am. & Eng. Ency. of Law, 138, 139; *Field v. Jones,* 11 Ga. 413; *Smith v. McNamara,* 15 Hun, 447, 448; Waples, Garnishment, 219, 221, 222; Beach, Receivers, § 228; *Att'y Gen. v. Guardian M. L. Ins. Co.* 77 N. Y. 272; *Woerishoffer v. North River Const. Co.* 99 id. 398; *Tuck v. Manning,* 150 Mass. 211, 215.

PINNEY, J.  The appellants' counsel concedes that it would be a contempt of the court appointing him to interfere with a receiver's possession of property pertaining to his trust and received by him in that capacity, and that an actual levy on property, or attachment of the same, could not be made without leave of the court which appointed him. This concession is fatal to the plaintiffs' contention in support of the garnishment of the receiver; for, if the process of garnishment should be effectively prosecuted, it would necessarily result in depriving the receiver of the property rightfully in his possession without the leave of the court appointing

him, in order to satisfy the plaintiffs' demand. The claim that the garnishee action is not against the receiver in his official, but in his personal, capacity, though affecting the title and right of possession of such property, is an evasion of the difficulty, and cannot be maintained. Whether the action affects him in his official capacity, and not the mere manner or style in which he is named in the process, is the true test. The question is not one of mere form, but of substance, and whether the receiver, in his official capacity and rights, is to be affected by the action. High, Receivers, §§ 256, 257. The rule is otherwise where the receiver takes possession or holds property which does not pertain to his office, and where he is a mere trespasser (Beach, Receivers, § 660); or where he is sued to recover damages as for a tort, and there is no attempt to interfere with the actual possession of the property which he holds under the order of the court appointing him (*Kinney v. Crocker*, 18 Wis. 74; *Wood v. Crocker*, 18 Wis. 345). The better opinion seems to be that the privilege of the receiver is not personal, but pertains to his trust, and exists for the protection of the rights of those whom he represents, and that, where the prosecution of the action would affect or interfere with the control of the property rightfully in his custody, he cannot waive it without the consent of the court. Otherwise, the protection which the court interposes against unwarranted interference with its own officers, and depredations upon the estate in its charge and custody, would be broken down, and confusing and embarrassing questions in its administration would ensue. Beach, Receivers, § 653. There are, however, authorities which hold that the receiver may waive the objection.

The possession of the receiver is the possession of the court appointing him, and the property in his hands as such is not subject to attachment, nor is he subject to garnishment on account of it or funds in his hands or subject to his

control in that capacity. Where a receiver has been properly appointed of the property and effects of a partnership, he cannot be garnished in an action brought by a creditor of the firm or upon a judgment recovered therein; as a judgment upon the garnishment, if recognized and enforced, would divest and defeat the previously acquired jurisdiction of the court in the equitable action to administer and apply to proper purposes the property and effects of the partnership. The authorities to this effect are too numerous and decisive to admit of question or doubt. High, Receivers, §§ 151, 164; Beach, Receivers, § 228, and cases cited; 8 Am. & Eng. Ency. of Law, 1145, and cases in note; *Jackson v. Lahee*, 114 Ill. 287; *Columbian Book Co. v. De Golyer*, 115 Mass. 67; *Comm. v. Hide & L. Ins. Co.* 119 Mass. 155; *Holmes v. McDowell*, 15 Hun, 585.

In the last case cited, the action was to administer and distribute the assets of an insolvent partnership equally among its creditors, and to adjust its affairs, and a receiver was appointed by stipulation. Subsequently, and during the pendency of the action, certain creditors of the partnership recovered judgments against the firm upon which supplemental proceedings were instituted, in which the same person was appointed receiver as in the partnership action, and such creditors applied in the latter action to have the receiver directed to pay their debts in full; but it was held that the judgments they had recovered, and the proceedings under them, gave them no priority over the other creditors of the firm, and their application was denied. In that case the court held that the owners of the partnership property had, by their voluntary act, placed it in the hands of the court for equal distribution, and that the court had assumed jurisdiction over it for that purpose; that it had not yet made its order of distribution, but, by the appointment of its receiver, it had assured all persons interested that it would make that order in due time and, until it settled the

terms thereof, it would hold it for that purpose; and that the property or fund from its sale was in the hands of the court, and any one interested might quicken its action by proper application, and that the court held the property in trust for the benefit of those who might be entitled to it, and that all might be properly protected; that the property, when once in the hands of the court, was pledged and dedicated to the objects of the proceeding, and in it others became interested, who had a right to invoke the action of the court that had thus assumed control over it; and that the creditors of the firm were the *cestuis que trustent* of the court, and could not be defrauded, unless the court should lend itself to the fraud. This decision was affirmed in 76 N. Y. 596, on the ground stated in the prevailing opinion. This view is supported by *Van Alstyne v. Cook*, 25 N. Y. 489; *Law v. Ford*, 2 Paige, 310; *Maynard v. Bond*, 67 Mo. 315.

We think these views are eminently practical and sound, and that they are decisive of this case, which is brought to wind up and administer the affairs of an *insolvent* partnership; and it is not necessary here to consider whether they would be strictly applicable to actions brought by one partner for protection and relief against the wrongful or fraudulent conduct of his copartner, and in which the element of conceded insolvency of the firm does not exist. The equities and rights of partnership creditors against the partnership property are to be worked out through the equity of each of the partners to have the partnership property and effects first applied to the payment of the partnership debts, and there can be no doubt of the right of any creditor of the partnership to intervene, *pro interesse suo*, for the proper assertion and enforcement of his rights, and to be heard therein in respect to any proceeding in the action to his injury or prejudice, either wrongful or fraudulent. The court, in the partnership action, had jurisdiction of the subject

matter and of the parties; and there is nothing in the case to show that the court, upon the admitted insolvency of the partnership, ought not to have appointed the defendant receiver, in order to wind up and settle its affairs and apply the firm property equally to the payment of the partnership creditors. Equality is equity, and we fail to perceive any reason for saying that such a proceeding is either fraudulent or void. The plaintiffs in this action, as creditors at large of the partnership, could have successfully intervened in the partnership action to secure their rights and an equal application of the partnership assets to the payment of their demand with those of other creditors, and there is nothing in the case of *Weber v. Weber*, 90 Wis. 467, leading to a contrary conclusion. The statute in relation to voluntary assignments has not taken away the jurisdiction of courts of equity in a case like the present, and it is still competent for either partner to bring such an action; and, if the defendant chooses to admit the equity of the case, there is no reason why the court should not proceed to final adjudication and administration of the partnership assets.

The case of *Jacobson v. Landolt*, 73 Wis. 142, was relied on, but the question whether property rightfully in the hands of a receiver is subject to attachment does not appear to have been there considered or decided. The case is wholly devoted to the right of one not a party to the action to intervene to assert a lien upon or right to property in the hands of a receiver, and to the method of procedure in such cases.

For these reasons the order dismissing the action as to the defendant *Van Vechten*, the receiver, was rightly made.

*By the Court.*— The order of the circuit court is affirmed.

The liability of a receiver to garnishment for money due from him is the subject of a note to *Irwin v. McKechnie* (58 Minn. 145) in 26 L. R. A. 218.— Rep.