THE MISSOURI PACIFIC RAILWAY COMPANY, *Garnishee*,
v. J. MACK LOVE *et al.*

**No. 11,412.**  (59 Pac. 1072.)

1. RECEIVERS—*Conflict of Courts.* As a general rule, a court which first acquires the custody and control of property and assets by the appointment of a receiver will retain such control until the end of the litigation to the exclusion of interference by other courts of concurrent jurisdiction.

2. ———— *Property in Custodia Legis.* Property and assets so brought within the control of a court of competent jurisdiction are *in custodia legis,* and not subject to seizure by attachment or garnishment process by other courts.

3. ———— *Irregularity and Fraud in Appointment—Irregularity.* A seizure of, or unauthorized interference with, assets in the custody of a receiver cannot be justified on the ground that the appointment is irregular or invalid, and parties desiring to raise questions of invalidity or irregularity in the appointment should present the same to the court appointing the receiver.

Error from Cowley district court; W. T. McBRIDE, judge.   Opinion filed February 10, 1900.   Reversed.

*Waggener, Horton & Orr,* for plaintiff in error.

*Madden & Buckman,* and *J. Mack Love,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was a garnishment proceeding wherein the executors of the Hill estate sought to reach and appropriate an alleged debt of the Missouri Pacific Railway Company to the Fitzgerald & Mallory Construction Company, a debtor of the plaintiffs. They brought an action against the construction company on December 24, 1891, and at the same time procured the issuance of a garnishment summons, which was served on the railway company on the same

28—61 KAN.

day. On the 12th day of January, 1895, judgment was rendered in favor of the executors of the Hill estate against the construction company for $1610.90. Soon after the garnishment summons was served the railway company filed an answer denying indebtedness to the construction company, and issue was taken thereon, but the issue was not tried for several years, and on February 21, 1896, the railway company filed an amended and supplemental answer as garnishee, which alleged that on April 15, 1889, a stockholder of the construction company brought an action in the district court of Atchison county for an accounting and the closing up of the business of the construction company, and for the appointment of a receiver; that a receiver was appointed and ordered to take possession of the assets, choses in action, and property of every kind and nature in the state of Kansas belonging to the construction company; that, in pursuance of his authority as receiver, he brought an action against the railway company for a large sum of money alleged to be due to the construction company; that afterward the suit last named was tried and resulted in a finding that the railway company was not indebted to the construction company in any sum whatever, and judgment was rendered in favor of the railway company.

As a further answer, it was alleged that a proceeding was begun in Nebraska in 1888 by a stockholder of the construction company, in which, among other things, an accounting between the railway and construction companies was asked, which finally resulted in a judgment against the railway company for $224,-000; that a receiver was then appointed, and the railway company was directed to pay to him that sum, and that in obedience to the order and decree of the

court the railway company paid that sum to the receiver, and the order and judgment of the Nebraska court was therefore satisfied and discharged of record. Issue was taken upon this answer, and upon a trial had it was found that the executors of the Hill estate were entitled to a judgment against the railway company as garnishee for the sum of $2092.60. Of this judgment the railway company complains.

The proof showed the bringing of the proceedings in Atchison county and the appointment of a receiver there long prior to the commencement of the garnishment proceeding. It likewise showed the commencement of the action in Nebraska before the service of the garnishee summons, and that a judgment was there rendered against the railway company for the amount of its indebtedness to the construction company and which the railway company was obliged to and did pay. The railway company insists that it should not be required to pay its indebtedness a second time, and that, as the assets of the construction company and the debt in question were in the custody of the Atchison county district court prior to the attempted garnishment, the debt was not subject to garnishment nor within the reach of process issued by the Cowley county district court.

The commencement and pendency of both proceedings were alleged and brought to the attention of the trial court in this proceeding, and from the testimony in the case it must be held that the plaintiffs below acquired no right to the debt in question by the garnishment proceeding. Prior to that time, as we have seen, a court of equity in Atchison county had appointed a receiver who by the order was invested with the possession and care of the property and assets of the construction company and authorized to bring

proceedings in the courts of this state and elsewhere for the recovery of any property, claim or demand which the construction company had against any one. The authority also extended to defending suits of every kind which might be brought for the protection of the rights and property of the construction company, and he was authorized to employ counsel, and generally given power to take and hold the property, collect and compromise debts, and to do all acts respecting the property, claims and debts of the company as the court might direct. He was appointed by a court of competent jurisdiction, and its order gave him control and custody of all the property and assets of the corporation, including the indebtedness due to it from the railway company. Besides, it was shown that the receiver, in pursuance of the order of the court, brought an action in Atchison county against the railway company to recover the particular debt sought to be reached by the garnishment process. When the receiver was appointed the court assumed the control and administration of the property and assets of the construction company, and its control was necessarily exclusive.

To prevent unseemly conflict between courts, the law gives to the court which first acquires jurisdiction of such assets the power to retain them until the end of the litigation, and until a final and equitable disposition of the same has been adjudged. (*The State v. Miller*, 54 Kan. 244, 38 Pac. 269.) Non-interference in such a case is a principle of comity, born of necessity, and courts are careful to avoid any violation of the same. It has been said that when a court "takes into its jurisdiction a specific thing, that *res* is as much withdrawn from the judicial power of the other as if it had been carried physically into a different

territorial sovereignty." (*Covell v. Heyman*, 111 U. S. 182, 4 Sup. Ct. 355, 28 L. Ed. 390.) Before and at the time the judgment against the railway company was rendered and the garnishment proceeding begun the asset in question had been drawn within the jurisdiction of the Atchison court and was, therefore, *in custodia legis*. An attempt to wrest the property or fund from the possession of the receiver or the custody of the court is not only unwarranted in law, but is punishable as a contempt, and it is well settled that property or funds so situated are not subject to seizure by attachment or garnishment process. ( High, Rec. § 151 ; Beach, Rec. § 238 ; G. & B. Rec. § 46 ; 8 A. & E. Encyc. of L. 1145 ; *Blum and another v. Van Vechten*, 92 Wis. 378, 66 N. W. 507 ; *Texas Trunk Ry. Co. v. Lewis, Sheriff*, 81 Tex. 1, 16 S. W. 647 ; *Columbian Book Company v. De Golyer*, 115 Mass. 67 ; *Maynard v. Bond*, 67 Mo. 315 ; 17 Encyc. Pl. & Pr. 778, and cases cited.)

It is contended that the proceedings in the Atchison court were collusive and fraudulent, and for that reason the plaintiffs below were not affected by the receivership. This claim is based principally on the fact that one of the receivers was a son of an attorney for the railway company, and also on the relations occupied by the attorneys in the several proceedings in that case. These facts, however, fall far short of warranting an implication of fraud, and the trial court, while it recited the facts, did not find fraud or collusion. Attention is also called to the fact that collusion was charged in the pleadings in the Nebraska litigation between the same parties, but that court, while it found that the railway company was indebted to the construction company, did not find that the proceedings in Kansas were collusive. Whether the matter was taken out of the issues or

given any consideration by the court is not shown, but the silence of that court in its findings and judgment as to collusion does not warrant the inference drawn by plaintiffs below that collusion was found; and even if such a finding had been made, it may well be doubted whether it would have binding force in this litigation. Again, objections like these should have been presented to the court appointing the receiver. In High on Receivers, section 143, it is said:

"Courts of equity will not permit any unauthorized interference with the possession of their receivers to be justified upon the ground that the appointment was ill advised or illegal, and that the parties interfering were, therefore, not bound to regard it."

Where a receiver is appointed by a court of competent jurisdiction and the court has assumed control and administration of an estate, the orderly and proper procedure in a court of justice is to go to the court appointing the receiver and there raise the questions of invalidity or irregularity in the appointment. This rule is held to apply not only as to property actually in the receiver's possession, but also to property which he has been appointed to receive but which he has not reduced to possession. (High, Rec. § 143; Beach, Rec. § 241.)

The claim is made that because the company was an Iowa corporation, which cannot be dissolved by a proceeding in Kansas, the Atchison court was without jurisdiction. It has jurisdiction, however, to take the control of the property within its jurisdiction, make an accounting between the parties, and to authorize the collection of the debts due to the company by its receiver. So far as seen, the receiver was duly appointed by a court authorized to make the appointment, and proceedings were taken to sequester the

debt in question, and there is nothing to show that the receiver has been discharged or that the proceedings in Atchison county have been concluded.

The debt due from the railway company not being subject to garnishment, the process issued in Cowley county was therefore. a nullity, and the conclusion of that court holding the railway company as a garnishee cannot be sustained. Its judgment will be reversed and the cause remanded for further proceedings.