NORTHRIDGE BANK, Plaintiff-Respondent, V. COMMUNITY EYE CARE CENTER, INC., Defendant-Appellant.

Supreme Court

*No. 78-781. Submitted August 22, 1979.—*
*Decided February 7, 1980.*

(Also reported in 287 N.W.2d 810.)

For appellant-petitioner: *Robert E. Sutton* of Milwaukee.

For respondent: *C. James Riester* and *Schroeder, Gedlen, Riester & Moerke* of Milwaukee.

*PER CURIAM.* This matter comes before us on a petition to review a decision of the court of appeals dismissing an appeal in a creditor's action under ch. 128, Stats. The question of the defendant's insolvency was tried to a jury, which returned a verdict finding that the defendant was insolvent. The verdict was adopted by the trial court as its finding. On July 19, 1978, an order was entered appointing a receiver. The order was stayed for a period of time to allow the defendant to file a bond so as to obtain a stay pending appeal. The bond was not filed and the stay was dissolved on September 13, 1978,

when another order was entered dissolving the stay, appointing the same receiver, and transferring all the defendant's assets to the receiver. This order also provided for notice to creditors and enjoined them from commencing separate actions against the defendant.

The attorney representing the defendant was not satisfied with the appealable status of either the order of July 19th or the order of September 13th. Therefore, he presented a judgment to the trial court on October 17, 1978. The judgment adjudicated the defendant to be insolvent and appointed a receiver to liquidate the corporation. The judgment was entered, and defendant appealed from this judgment and "all intermediate orders" on November 27, 1978.

The November 27, 1978 appeal was timely for the purpose of reviewing the judgment of October 17th, and was also within the time for appeal from the order of September 13th and the order of July 19th. Sec. 808.04, Stats.; *McEwen v. Pierce County*, 90 Wis.2d 256, 279 N.W.2d 469 (1979). The court of appeals dismissed the appeal on the ground that the order of September 13, 1978; was a final order, terminating the proceedings as between plaintiff and defendant, and the judgment of October 17th was nothing but a confirmation of the prior final order. The court reasoned that a final order is not an intermediate order with respect to a judgment, and construed the statement in the notice of appeal regarding appeal from all intermediate orders to refer to nonappealable orders made reviewable under sec. (rule) 809.10(4).

In its analysis, the court of appeals overlooked sec. 807.07(1), Stats., providing in part that after return is duly made to an appellate court and the respondent has objected to the sufficiency of the appeal by motion, "[i]f it appears . . . that such appeal was attempted in good faith the court may allow any defect or omission in the

appeal papers to be supplied, either with or without terms, and with the same effect as if the appeal had been originally properly taken."

The defect in this case is not one of jurisdiction. The notice of appeal was filed within the time for appeal set forth in every applicable statute. Defendant's mistake was in failing to designate with sufficient particularity the orders which were the subject of his appeal in addition to the judgment. This was a defect in the appeal papers which the court of appeals could and should have permitted to be supplied. It amounts to no more than an inconsequential violation of the rules of appellate procedure. No one was misled in any way by the failure to specifically identify the orders as subjects of appeal. In a similar case arising before the new appellate rules went into effect, this court held that a writ of error could be amended to specify the correct date of entry of the order appealed from. *State v. Avery,* 80 Wis.2d 305, 259 N.W.2d 63 (1977).

The new rules of appellate procedure were not designed to be a trap for the unwary. In this case, the court of appeals failed to exercise the discretion which was committed to it under sec. 807.07(1), Stats. For this reason, the petition for review is granted. The order of the court of appeals is reversed, and the case is remanded with directions to allow an amendment to the notice of appeal on terms, pursuant to sec. 807.07(1), so that the notice complies with sec. (rule) 809.10(1).