Ronald A. ARTHUR, and Kathleen M. Arthur, Plaintiffs-Appellants,

v.

John Keith BRENDEL, Richard G. Harvey, Jr., Cora G. Nelson, the Estate of Roy W. Nelson, and State Surety Company, Defendants-Respondents.†

Court of Appeals

*Nos. 90–1280, 91–0116. Submitted on briefs October 1, 1991.—Decided October 29, 1991.*

(Also reported in 477 N.W.2d 655.)

† Petition to review pending.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Joseph F. Owens* of *Arthur & Owens, S.C.* of New Berlin.

On behalf of the defendant-respondent State Surety Company, the cause was submitted on the briefs of *John K. Brendel* of Brookfield.

On behalf of the defendant-respondent Cora G. Nelson, the cause was submitted on the briefs of *Arthur Labros of Sisolak & Labros* of Brookfield.

Before Moser, P.J., Sullivan and Fine, JJ.

FINE, J. Ronald A. Arthur and Kathleen M. Arthur appeal from an order dismissing their complaint against John Keith Brendel, State Surety Company, and Cora G. Nelson, and from a judgment entered by the trial court awarding State Surety and Nelson frivolous-action fees under section 814.025, Stats.[1] We reverse.[2]

---

[1]The Arthurs' notice of appeal mistakenly states that it is from the trial court's order of "on or about March 5, 1990." March 5 was the date that the trial court orally granted the defendants' motion to dismiss. Oral orders are not appealable. *Ramsthal Advertising Agency v. Energy Miser, Inc.*, 90 Wis. 2d 74, 75, 279 N.W.2d 491, 492 (Ct. App. 1979). The written order was not entered until April 6, 1990. Inasmuch as the Arthurs' notice of appeal was filed subsequent to entry of the written order, the error is not of consequence. *See* Rule 805.18(1), Stats.

# I.

This dispute arises out of a land contract between Roy W. Nelson and his wife Cora G. Nelson as vendors, and the Arthurs as vendees. After several years, the Arthurs stopped making payments on the land contract. The Nelsons sought to foreclose, and, as permitted by the terms of the land contract, the trial court appointed a receiver. Brendel, the Nelsons' attorney, was appointed receiver. The Arthurs counterclaimed, alleging, in essence, that the Nelsons and their real estate agent had misled them as to the property's value and the safety of the investment. Subsequently, the Nelsons filed an amended complaint seeking specific performance of the land contract. The trial court granted specific performance to the Nelsons on summary judgment and dismissed the Arthurs' counterclaims. We affirmed in an unpublished *per curiam* opinion. *Nelson v. Arthur,* No. 90–2311 (Wis. Ct. App. September 3, 1991).

On May 19, 1989, the Arthurs sued Brendel, the trial judge who had appointed Brendel to be the receiver, Mrs. Nelson, the estate of Mr. Nelson (he had died subsequent to the commencement of the Nelsons' action to enforce the land contract), and State Surety, the company that supplied Brendel's receiver's bond.[3] The

(defects not affecting substantial rights of an adverse party shall be disregarded) (made applicable to appellate proceedings by Rule 809.84, Stats.). *See also Northridge Bank v. Community Eye Care Center,* 94 Wis. 2d 201, 203, 287 N.W.2d 810, 811 (1980) *(per curiam);* and *Rhyner v. Sauk County,* 118 Wis. 2d 324, 326, 348 N.W.2d 588, 589–590 (Ct. App. 1984).

[2]Mrs. Nelson and State Surety seek frivolous-appeal costs under section 809.25(3), Stats. In light of our reversal, their motion is denied.

[3]The trial judge was sued pursuant to section 757.24, Stats., which provides:

Arthurs' complaint asserted the following claims:

> against the trial judge for alleged improprieties in appointing the receiver;

> against Brendel, the receiver, for allegedly acting "negligently, or intentionally tortiously, by among other things neglecting, failing and refusing to rent at least one apartment unit in the Property [for which he was receiver] for at least 8 consecutive months, thereby wasting at least $2640 in foregone rent, and by failing to obtain fire insurance for the Property until after Plaintiffs [the Arthurs] made repeated demands that Defendant Brendel obtain such insurance";

> against Brendel and the Nelsons, alleging that they "have unlawfully converted to their possession and/ or have been unjustly enriched by the monies in the amount of (a) $3,712.01 turned over to Defendant Brendel as receiver by the Plaintiffs relating to periods prior to the effective appointment of the receiver according to the Order Appointing Receiver, and (b) all amounts turned over to Defendant Brendel as receiver from tenants of the Property, inasmuch as Defendant Brendel's receivership appointment was ineffective and void . . .";

> against Brendel, alleging that he "has maliciously, intentionally or negligently breach [sic] his duty to the Plaintiffs as receiver to act reasonably and in good faith to preserve and protect and to not waste the assets in the receivership estate during the pendency of the Lawsuit."

Circuit judges and court commissioners shall be held personally liable to any party injured for any wilful violation of the law in granting injunctions and appointing receivers, or for refusing to hear motions to dissolve injunctions and to discharge receivers if the motions are made in accordance with law or such rules as are promulgated by the supreme court.

327

The Arthurs subsequently stipulated to the dismissal from the lawsuit of the trial judge who had appointed the receiver. Additionally, during the course of the March 5, 1990, hearing, the Arthurs agreed that the claim against the Estate of Roy W. Nelson should be dismissed because no estate had been opened. The Arthurs also explained to the trial court that Mrs. Nelson was a party because she was "the recipient of improperly disbursed moneys from the receiver."

The trial court dismissed the Arthurs' action against Brendel, State Surety, the Estate of Roy W. Nelson, and Mrs. Nelson. It concluded that it lacked jurisdiction because, in its view, the suit could not be heard by a court other than the court appointing the receiver without consent from that court.[4] As noted, the trial court also awarded frivolous-action fees under section 814.025, Stats.

## II.

There can be no doubt but that at least some of the Arthurs' allegations in this action state claims against Brendel and Mrs. Nelson. *See Morgan v. Pennsylvania Gen. Ins. Co.,* 87 Wis. 2d 723, 731, 275 N.W.2d 660, 664 (1979) (Facts alleged in the complaint must be taken as true, and "a claim should be dismissed as legally insufficient only if 'it is quite clear that under no conditions can the plaintiff recover.' ") (citation omitted). Indeed,

---

[4]The trial court explained its decision:

The primary argument is that the plaintiffs are obligated to raise the issue of the either malfeasance or nonfeasance of the receiver in the court where the receiver has been appointed, and I am satisfied that that is the law in Wisconsin.

none of the defendants argue to the contrary.[5] The only question is whether these claims may be asserted in a suit independent of the receivership action without leave of the judge appointing the receiver. This is a question of law that we decide independently of the trial court's determination. *See Williams v. Security Sav. & Loan Ass'n,* 120 Wis. 2d 480, 482, 355 N.W.2d 370, 372 (Ct. App. 1984).

It is old and settled law in Wisconsin that an independent action against a receiver may not be commenced without leave of the court appointing the receiver *only* when that independent action would interfere with the administration of the receivership estate. *Blum v. Van Vechten,* 92 Wis. 378, 381–383, 66 N.W. 507, 508–509 (1896). An independent action will lie, however, when the personal judgment sought against the receiver will not affect the receivership. *Id.,* 92 Wis. at 382, 66 N.W. at 508; *Mechanics' Nat'l Bank of New York v. Landauer,* 68 Wis. 44, 48–49, 31 N.W. 160, 162–163 (1887).[6] This is the prevalent, although not unanimous, view elsewhere as well:

---

[5]Mrs. Nelson's brief on appeal in 90–1280 asserts that the Arthurs' claim against her is "purely duplicitous" and "absolutely redundant" of their counterclaim against her in the foreclosure/ specific performance action. Additionally, Mrs. Nelson denies that Brendel ever disbursed monies to her. Neither of these matters, however, addresses the issue of whether the Arthurs' complaint states a claim against Mrs. Nelson; the resolution of that issue requires that we limit ourselves to the "allegations of the claim itself." *Jenkins v. Sabourin,* 104 Wis. 2d 309, 313, 311 N.W.2d 600, 602 (1981).

[6]This case is captioned *Davis v. Michelbacher* in the Northwestern Reporter.

> [T]he general rule requiring leave of the appointing court before suing its receiver usually does not apply to actions that do not affect the custody and control of receivership property, or to actions brought against the receiver personally as for the receiver's personal torts.

16 C. Keating & C. Miller, Fletcher Cyclopedia of the Law of Private Corporations § 7855 at 560 (rev. perm. ed. 1989) (citations omitted).

In *Landauer,* an insolvent partnership was alleged to have executed judgment notes in order to defraud other creditors, including two banks. *Landauer,* 68 Wis. at 45–46, 31 N.W. at 160–161. The judgment notes were reduced to judgments, executions on the judgments were issued, the partnership's property was sold, and the proceeds of the sale were distributed to the persons to whom the judgment notes were given. *Id.,* 68 Wis. at 45, 31 N.W. at 160. Subsequently, one of the firm's partners became a manager of the corporation that was formed to carry on the partnership's business. *Id.,* 68 Wis. at 45, 31 N.W. at 160–161. He then sued the other partner for dissolution of the partnership. *Id.,* 68 Wis. at 45, 31 N.W. at 161. Landauer was appointed receiver. *Ibid.* As receiver of the partnership, Landauer took possession of "the books of account of the firm, on which he has made some collections." *Ibid.*

The banks sought to commence an independent action against Landauer, the former partners, and the persons to whom the judgment notes had been given, alleging that the transactions were fraudulent. *Id.,* 68 Wis. at 46, 31 N.W. at 161. The banks' independent action requested, *inter alia,* to have the receiver Landauer pay over to them the receivership's assets. *Ibid.* The trial court presiding over the receivership

action denied the banks leave to sue the receiver. *Id.,* 68 Wis. at 46–47, 31 N.W. at 161.

■

The Wisconsin Supreme Court affirmed the trial court's denial of leave to sue the receiver, *id.,* 68 Wis. at 50, 31 N.W. at 163, noting that the complaint sought assets of the dissolved partnership and that, accordingly, the receiver was "not a necessary party to the creditors' suit," *id.,* 68 Wis. at 49, 31 N.W. at 162. The court pointed out, however, that:

> If [the receiver] was a party to the conspiracy and fraud which resulted in putting that fund in the hands of such judgment creditors, as is charged, such fraud and wrong has no connection with his receivership, and any liability therefor by him to the [banks] is purely a personal liability. In order to maintain a personal action against him on account of such liability (if any exists), no leave of court is necessary.

*Id.,* 68 Wis. at 48–49, 31 N.W. at 162. Thus, although an independent action that seeks to affect the receiver "in his official capacity and rights" will not lie without leave of the court appointing the receiver, *Blum,* 92 Wis. at 381–382, 66 N.W. at 508, "[t]he rule is otherwise where the receiver . . . is sued to recover damages as for a tort, and there is no attempt to interfere with the actual possession of the property which he holds under the order of the court appointing him," *id.,* 92 Wis. at 382, 66 N.W. at 508. Since that is the situation here, we must reverse the trial court's order dismissing the Arthurs' complaint, and remand for further proceedings consistent with this decision. It follows that the trial court's judgment ordering frivolous-action fees against the Arthurs must also be reversed.

*By the Court.*—Order and judgment reversed, and cause remanded.