CASPER WOHLWEND and another *vs.* J. I. CASE THRESHING-MACHINE COMPANY, Intervenor.

February 10, 1890.

**Action for Destruction of Personal Property—Intervention by Mortgagee.**—A person holding a mortgage upon personal property, his debt being due, unpaid, and exceeding in amount the value of mortgaged property alleged to have been destroyed by the negligence of a third person, has an interest of such direct and immediate character in the result

of an action brought by the mortgagor against such third person, to recover the value of said property, as will entitle him to intervene and participate in the litigation.

Appeal by plaintiffs from an order of the district court for Wilkin county, *C. L. Brown,* J., presiding, overruling their demurrer to the complaint in intervention.

*C. J. Cahaley,* for appellants.    *Stone, Newman & Resser* and *Wellcome & Perley,* for respondent.

COLLINS, J. This action was brought against the defendant railway company to recover the value of a traction engine belonging to plaintiffs, (appellants,) and alleged to have been wholly destroyed through the defendant's negligence. Thereupon the respondent corporation, as a mortgagee of the destroyed property, intervened by filing its complaint in the manner provided in Gen. St. 1878, *c.* 66, § 131, setting up the execution and delivery to it, by plaintiffs and another person, of three promissory notes, each for a specified sum of money; the execution and delivery of a chattel mortgage upon the traction engine to secure the payment of said notes; its proper filing, as by statute required; that a certain sum of money was due upon said notes at the date of the complaint in intervention, which sum greatly exceeded the value of the engine when it was broken and injured by defendant's negligence; the fact of the injury, and the amount of damages thereby sustained; for which amount the intervenor demanded judgment against defendant. To this complaint plaintiffs interposed a general demurrer, and from an order overruling it this appeal is taken. The appellants' counsel seems to admit that, if the respondent has a right to intervene and participate in the litigation between the original parties, the complaint states a good cause of action. His contention is that the complaint is, in fact, an answer to plaintiffs' complaint, in which the respondent seeks to change the subject-matter of the action from one of tort to one, as he expresses it, "of contract ownership of the property." The plaintiffs complain of the tortious act of the defendant, by which property belonging to them has been damaged. The intervenor corporation complains of the same tortious act in respect to the same property, of which it held the legal title as a mortgagee, to its injury. It requires

altogether too much refinement for us to distinguish between the causes of action as stated in these pleadings, save that by means of one the mortgagors are trying to obtain a judgment directly for themselves, while by means of the other the mortgagee is endeavoring to secure a judgment upon the same cause of action,—the defendant's negligence,—which, should it succeed, would, of course, inure to the benefit of the mortgagors. The only inquiry is whether the respondent has such an interest in the property said to have been destroyed as entitles it to intervene under the statute before mentioned. To authorize intervention under this statute the interest must be in the matter in litigation, and of such a direct and immediate character that the intervenor will gain or lose by the direct legal operation and effect of the judgment therein. *Bennett* v. *Whitcomb*, 25 Minn. 148; *Lewis* v. *Harwood*, 28 Minn. 428, (10 N. W. Rep. 586.) The respondent had a lien on the property,—a chattel mortgage,—which gave it the legal title thereto, and, by the terms of the mortgage, the right to take immediate possession. The principle announced in *Edson* v. *Newell*, 14 Minn. 167, (228,) clearly indicates that it could have maintained an original action against defendant for damages by reason of the alleged injury. Its interest in the property was of such a character that it must necessarily either gain or lose by the direct legal operation and effect of the judgment in this action. For cases in which this doctrine has been applied, see *Jacobson* v. *Landolt*, 73 Wis. 142, (40 N. W. Rep. 636;) *Des Moines Ins. Co.* v. *Lent*, 75 Iowa, 522, (39 N. W. Rep. 826;) and citations in note to section 429, Pom. Rem. We see no good reason why all of the issues which can properly be raised between the mortgagors, the mortgagee, and the defendant should not be disposed of in one action. There is absolutely nothing in the ninth assignment of error.

Order affirmed.