**T. A. DENNIS *vs.* SAMUEL SPENCER, (JOHN J. NELSON, Intervener.)**

51 259
69 323

Argued Oct. 10, 1892.   Decided Nov. 11, 1892.

**Intervention—When Permitted.**

> In a complaint in intervention it was alleged that the amount which this plaintiff was attempting to recover from defendant was not due and owing to him, but to a third party, a judgment debtor of the intervener. It also appeared affirmatively from this complaint that garnishment proceedings had theretofore been instituted, in which the intervener was plaintiff, the present defendant garnishee, and said debtor defendant, and that these garnishment proceedings were still pending and undetermined. *Held*, that the judgment creditor was not entitled to intervene in the present action.

Appeals by defendant, Samuel Spencer, and by John J. Nelson, intervener, from an order of the District Court of Meeker County, *Powers*, J., made December 29, 1891, denying their motions for a new trial.

Eben Dennis and Samuel Spencer, on April 16, 1889, entered into a contract whereby Dennis agreed to sell and deliver to Spencer five hundred yearling steers, and Spencer agreed to pay therefor $8.25 each. Eben Dennis assigned this contract to his father, the plaintiff, T. A. Dennis, and the cattle were duly delivered by the latter May 24, 1889. Spencer paid $500 to Eben Dennis at the time the contract was entered into, but made no further payment.

This action was brought by the plaintiff, T. A. Dennis, to recover of the defendant, Samuel Spencer, the balance due for the cattle delivered under the contract. His original complaint alleged a contract between himself and Spencer, and an order refusing a new trial after a verdict directed in his favor was reversed by this court on the ground of a fatal variance between the complaint and the proof. *Dennis* v. *Spencer*, 45 Minn. 250. The complaint was amended so as to set out a contract between Eben Dennis and Spencer and an assignment thereof by Eben to plaintiff. The defendant answered, admitting the contract, but denying the assignment to plaintiff, and alleged that the cattle were furnished and delivered by

Eben Dennis. John J. Nelson filed a complaint in intervention in which he alleged that he was a judgment creditor of Eben Dennis; that the contract was fraudulently assigned by Eben to the plaintiff, and that Eben and not the plaintiff was entitled to the amount due from defendant for the cattle; that he had begun garnishment proceedings against Spencer by which he had attached the money due Eben under the contract, which proceedings were still pending. The court, on plaintiff's motion, struck out this complaint, and also refused to allow Nelson to amend by alleging that he had levied an execution on the money due Eben Dennis. The case was tried, and a verdict directed for plaintiff, the court refusing to allow Nelson to take part in the trial. The defendant and Nelson both moved for a new trial. The motions were denied, and they appeal.

*J. V. V. Lewis, G. M. Nelson,* and *O. J. Cook,* for appellants.

The intervener, by serving garnishment process, duly attached the fund due Eben Dennis from plaintiff. 1878 G. S. ch. 66, § 167. This attachment gave the intervener a lien upon the fund attached, and the existence of a lien upon the fund or other subject matter of a controversy gives the holder of such lien a right to intervene in such controversy. *Wohlwend* v. *J. I. Case T. M. Co.,* 42 Minn. 500.

*E. P. Peterson* and *R. H. McClelland,* for respondent.

The interest which entitles a party to intervene in an action between other parties must be in the matter in litigation in the suit as originally brought, and of such a direct and immediate character that the intervener will either gain or lose by the direct legal effect of the judgment therein. *Lewis* v. *Harwood,* 28 Minn. 428; *Bennett* v. *Whitcomb,* 25 Minn. 148.

COLLINS, J. The nature of this action will sufficiently appear upon the perusal of an opinion filed on the determination of a former appeal. *Dennis* v. *Spencer,* 45 Minn. 250, (47 N. W. Rep. 795.) Thereafter answer was made to an amended complaint, and one of these appellants then filed his complaint in intervention, claiming a right so to do under the provisions of 1878 G. S. ch. 66, § 131. At

the trial of the action this pleading was stricken out on plaintiff's motion, and an application for leave to interpose and serve another complaint in intervention was denied by the court. The verdict was against the defendant, and the appeals by him and by the intervener are from orders refusing a new trial.

The only question in the case which we need to determine is the right of the appellant last named to intervene and participate in the trial of the action. The allegations found in the answer and in the complaints in intervention were the same in substance. The alleged transfer and assignment of the original vendor's rights and interests in the cattle contract were denied. It was alleged that the cattle in question were actually delivered to defendant by said original vendor, and not by his pretended assignee, the plaintiff; that at the time of this delivery appellant intervener had procured and held an unsatisfied and uncollectible judgment against said vendor for a certain amount, which judgment had previously been duly entered and docketed in a domestic court of competent jurisdiction; that thereupon said intervener had duly instituted garnishment proceedings, in which proceedings defendant was named as garnishee, and said original vendor, the judgment debtor, was made defendant, and that the proceedings in garnishment were still pending and undetermined. There were also several formal allegations in these pleadings, which need not be specially referred to.

It is claimed by the appellants that by service of the garnishment process upon defendant a lien upon the debt in controversy was acquired, which gave the holder of the lien an absolute right to intervene, and thereafter participate in the litigation between plaintiff and defendant; *Wohlwend* v. *J. I. Case Threshing Mach. Co.*, 42 Minn. 500, (44 N. W. Rep. 517,) being relied upon to support this position. In that case the intervener was a mortgagee of personal property, which was destroyed by the alleged negligence of a third party, defendant in the action. The intervener, by virtue of its chattel mortgage, had the legal title to the property destroyed, and the right to take immediate possession. The debt was past due, and in amount exceeded the value of the property when destroyed. It was held that the intervener had such an interest as entitled it to the

benefit of the statute, (section 131, *supra,*) as the same had been carefully construed in the case of *Lewis* v. *Harwood,* 28 Minn. 428, (10 N. W. Rep. 586,) in which it was said that the interest which entitles a party to intervene in an action between other parties must be in the matter in litigation in the suit as originally brought, and of such a direct and immediate character that the intervener will either gain or lose by the direct legal effect of the judgment therein. Tested by this rule, it is impossible to see how the appellant Nelson could be permitted to intervene. He had no direct or immediate interest in the pending litigation, if we give full credence to the allegations in respect to the garnishment proceedings found in his complaint as well as in defendant's answer. He could lose nothing by the judgment rendered herein, nor could he profit by it. His legal rights had been asserted by means of the garnishee proceedings, and he could fully protect such rights through the same. Under the terms of section 174, ch. 66, *supra,* the present plaintiff, making a claim to the money in question, could have been brought into the controversy, or could have been allowed to participate as a claimant, the result binding him in the same manner as if he had been an original party. From the complaint in intervention it appeared affirmatively that appellant Nelson was not entitled to intervene.

Concerning the question of practice raised by appellants, it can be said that, if the court below ruled erroneously, it was error without prejudice.

Order affirmed.

(Opinion published 53 N. W. Rep. 631.)