In an action for personal injuries received while plaintiff was a passenger on a railroad train, the evidence is sufficient to show that defendant was the carrier, where it appears that plaintiff purchased her ticket from defendant, and that the car in which she was riding had defendant's name on it.

Appeal from trial term.

Action by Lena Kunzmann against the New York & Rockaway Beach Railroad Company.   There was a judgment in favor of defendant, and plaintiff appeals.   Reversed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

Hurd & Grim, for appellant.

W. C. Beecher, for respondent.

CLEMENT, C. J.   We have carefully read the record on the present appeal, and conclude that the testimony was sufficient to require the submission of the case to the jury.   The plaintiff proved that the defendant is a common carrier of passengers between Flatbush avenue station in Brooklyn and Rockaway Beach; that the defendant issued to plaintiff an excursion ticket from Bedford station to Rockaway Beach, and that on her return to Bedford station she was injured by reason of negligence of the employes upon the train; that the cars of the train by which she returned had upon them the name of the New York & Rockaway Beach Railroad. The proof seems to bring the case within the authority of Wylde v. Railroad Co., 53 N. Y. 156.   This case was reversed on the former appeal (27 N. Y. Supp. 132) on the ground that there was no proof that the defendant ran, or had the right to run, trains on Atlantic avenue, and that there was no proof that the train on which the plaintiff was injured was in charge of the employes of the defendant.   This proof has now been supplied, and the plaintiff made out a prima facie case.   Judgment reversed, and new trial granted, with costs to appellant to abide the event.

---

(8 Misc. Rep. 616.)

ROSENBERG v. COURTNEY.

(City Court of Brooklyn, General Term.   May 28, 1894.)

1. PARTIES—INTERVENTION—INTEREST IN SUBJECT OF ACTION.

In an action against a sheriff to recover possession of property levied on under execution against a third person, the interest of the execution debtor in having the property applied to the payment of the judgment is such an interest in the subject-matter of the action as entitles him to intervene as a defendant.

2. SAME—COSTS—INHERENT POWER OF COURT.

It is in the inherent power of a court to allow a person interested in the subject-matter of the action to intervene as defendant without giving security for costs.

Appeal from special term.

Action by Charles Rosenberg against John Courtney, sheriff of Kings county. From an order bringing in new defendants, plaintiff appeals. Affirmed.

Argued before VAN WYCK and OSBORNE, JJ.

A. H. Berrick, for appellant.

Ira Leo Bamberger, for respondent.

OSBORNE, J. The plaintiff appeals from an order making Jonas Salomon and Emanuel Wolf parties defendant, and permitting them to intervene in this action, and to defend the same. It appears from the papers on appeal that this action was brought to recover the possession of certain chattels from the defendant, the sheriff of Kings county, under a requisition to the coroner, and that the sheriff had obtained possession of the same by virtue of a judgment against said Salomon and Wolf, and execution issued thereon. Wolf and Salomon claimed to be the owners of said chattels at the time said execution was issued, and their affidavit shows that the sheriff has notified them that this action will be discontinued unless they furnish him with a bond indemnifying him against all loss which he might incur in the defense of this action, which bond they allege they are unable to furnish. The plaintiff's attorney, in his affidavit, alleges that he has no objection to said Wolf and Salomon intervening as defendants, provided they give an undertaking to secure the plaintiff for any costs which may be awarded him in case he is successful upon a final trial of this action. We think that Wolf and Salomon, on the moving papers, have an interest in the subject-matter of this action, and that interest consists in having the chattels of which they claim to be the owners, or the proceeds thereof, applied towards the payment of the judgment against them. If this action is discontinued, it will result in the plaintiff's obtaining possession of said chattels, to the exclusion of any rights of Wolf and Salomon, because they are unable to furnish an indemnity bond; and they will be left remediless. To deny their application to intervene as defendants and defend this action and contest plaintiff's claim simply because they are unable to furnish a bond, would amount to a denial of an opportunity to defend any rights that they may have because of their inability to give security for costs in a case not provided for by the Code of Civil Procedure. Suppose that goods in the possession of a pledgee were replevined by a party claiming to own them, and the pledgor was given notice that, unless he gave an indemnity bond, the pledgee would consent to a surrender of the goods, it could not be seriously contended that the pledgor could be deprived of his opportunity to maintain his title by intervening in the action, unless he first gave security for the costs of defending the same; and yet there is but little difference between such a case and the one now before us. The same principle would underlie the rights of the pledgor as Wolf and Salomon seek to maintain here. The case of Rosenberg v. Flack (Sup.) 10 N. Y. Supp. 759, amply supports our views as to the propriety and justice of the order

appealed from, but we do not place the authority for making the order on the provisions of section 452 of the Code of Civil Procedure. That section relates only to actions in equity. Chapman v. Forbes, 123 N. Y. 532, 26 N. E. 3. We think that there is an inherent power in the court to grant the order, in order to prevent the perpetration of a possible injustice to Wolf and Salomon, who would otherwise be deprived of an opportunity to defend their alleged rights. The provisions of section 1709 of the Code of Civil Procedure will not aid Wolf and Salomon, for they do not claim, "as against the defendant, a right to the possession" of the chattels. The case of A. H. King Co. v. Seed, 25 N. Y. Supp. 1115, heretofore decided by this court, does not conflict with these views, as in that case the plaintiff sought to bring in, as a party defendant, against his will, a third person, who claimed an interest in the property replevined. For the reasons above stated we think that the order appealed from should be affirmed, with $10 costs and disbursements, to be taxed by the clerk.