The Graves Elevator Company, Respondent, *v.* The Masonic Temple Association of Olean, N. Y., Defendant. Benjamin U. Taylor, Appellant.

*Code of Civil Procedure, § 452, applies to both legal and equitable actions — motion to be made a party defendant.*

Section 452 of the Code of Civil Procedure applies to legal as well as to equitable actions.[*]

If it be shown upon an application, made by a person to be permitted to come in as a party defendant and defend an action, that the applicant and the plaintiff are the only parties interested in the question to be litigated, the defendant having very little, if any, interest in the event of the action, an order denying such application should be reversed upon appeal and the motion granted.

Appeal by Benjamin U. Taylor from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Cattaraugus on the 21st day of June,

---

[*] See *ante*, page 449.

1894, denying the appellant's application to be joined as a party defendant to the action.

*F. W. Kruse,* for the appellant.

*A. J. Hastings,* for the respondent.

LEWIS, J.:

In the year 1892 the defendant, The Masonic Temple Association of Olean, entered into a contract with one William D. Moore for the construction of a building in Olean. Moore's contract included the furnishing and placing in the building of a passenger elevator, which the plaintiff, at the request of Moore, furnished and placed in the building. Moore sublet the construction of various parts of the work. After the elevator was in the building, Moore having failed to pay his sub-contractors, a number of them filed mechanics' liens against the building for work and material which they had performed and furnished.

Benjamin U. Taylor was one of the sub-contractors who filed a lien. So did the plaintiff. The amount of its claim was stated to be $1,800. Afterwards plaintiff and other lienors joined in an action in the Supreme Court, making the Masonic Temple Association, Moore, Taylor and others parties defendant for the purpose of foreclosing and adjusting the rights of the parties under their various liens. The issues joined were referred to a referee for trial, and while said action was pending and the trial was proceeding an accounting took place between the parties to said action, including the plaintiff in this action, for the purpose of ascertaining the amount due and owing by the Masonic Temple Association to the contractor William D. Moore. The sum of $14,509.41 was found to be the amount due said contractor. This sum was sufficient to pay in full all the liens prior to Taylor's and nearly sufficient to pay his claim, but nothing was left applicable to plaintiff's claim, its lien being the last one filed. When it was ascertained that the liens prior to the plaintiff's would consume the entire fund application was made to the referee in its behalf for leave to withdraw from the action, upon the ground that under its contract with Moore the elevator was to be its property until it was paid for. The application was granted and the action proceeded to judgment. By the terms and provisions of the judgment it was established and deter-

mined that there was due from the defendant, the Masonic Temple Association, to Moore, the contractor, the sum of $14,509.41, and it further provided that that sum should be deposited by the defendant in the Exchange National Bank of Olean to be paid by it upon the liens therein provided for, but none of the said moneys were to be applicable by the terms of said judgment to the payment of the claim of the plaintiff herein for the reasons before stated. The amount thus found due to Moore was deposited in said bank. The amount found due by the referee from the contractor to Taylor was $7,615.43. The judgment provided that from the sum found due Moore $1,800 should be retained and deposited in the said Exchange National Bank to be held by said bank until the question of the liability of the Masonic Association to pay the claim of the elevator company or the right of said elevator company to reclaim the said elevator should be finally determined by a court of competent jurisdiction; or until such questions were determined by an agreement of the parties interested, to wit, the parties to the action and the said Taylor, and that when such final determination should have been made, or such agreement concluded, if it was to the effect that the elevator was the property of the Masonic Temple Association and not the property of the Graves Elevator Company, that then the $1,800 should be paid over to Taylor, to be by him applied upon his lien. If, however, it should be determined or agreed that the elevator was the property of the plaintiff, then the $1,800 was to be paid to the Masonic Temple Association, in the event that the elevator company reclaimed said property, and if the elevator company did not reclaim the property and it should be determined or agreed that the elevator belonged to it, then the $1,800 was to be paid to the elevator company and the elevator in that event was to belong to the Masonic Temple Association even if it should be determined or agreed that the elevator did at the time of making said referee's report belong to the said elevator company. The Graves Elevator Company thereafter commenced this action against the Masonic Temple Association to recover the possession of the elevator, the value of which was stated in plaintiff's affidavit to be the sum of $1,800. After the commencement of said action, and before the service of the complaint therein, the appellant, Taylor, made application to the court to be joined as a

party defendant in said action, his claim being that he had an interest in the subject thereof. It appeared in his affidavit, in addition to the facts above stated, that while he was furnishing the materials and doing the work upon the building the elevator was placed therein and made a part of it by the workmen of the elevator company, and that he thereafter continued to do work upon the building having in mind the fact that the building was sufficiently in progress of completion and that sufficient money would be due from the owner to the contractor to make him secure in doing the work and furnishing the materials, and that he relied upon the elevator as belonging to the owner of the building as part of his security. His affidavit further stated that he took part in the accounting before the referee, but was only interested in seeing that the amount due the contractor was sufficient to cover his liens upon the building in addition to those prior thereto, and that had he known that the elevator was not a part of the building, or was claimed by the elevator company, some of the sums which were allowed in the settlement and which would have increased the amount due to Moore, and also other sums which would have reduced the amount due on liens prior to his, would not have been allowed by him. From this, he claims, arises by way of estoppel a defense which is personal to himself. Taylor's motion was denied and from the order denying the motion this appeal was taken.

It is apparent from the facts stated that Taylor has an interest in having it adjudicated that the elevator is a part of the building and belongs to the owner thereof, whereas the defendant has very little, if any, interest in the event of the action. If the plaintiff succeeds in establishing its title to the elevator, it will receive the $1,800 on deposit. It cannot with any propriety be contended, in view of the arrangement stated, that the elevator will be removed from the building. If the plaintiff fails in establishing its claim to be the owner of the elevator, the $1,800 will belong to and will be paid to Taylor. The appellant and the plaintiff are, therefore, the only parties interested in the question to be litigated.

It is the contention of the counsel for the respondent that, it being an action at law, the plaintiff cannot be compelled to bring in other parties than those it has chosen to make defendants, and he relies upon the case of *Chapman* v. *Forbes* (123 N. Y. 532) as sus-

taining his contention. He claims that case holds that section 452 of the Code of Civil Procedure has reference only to suits in equity and not to actions at law. Since the granting of the order from which this appeal was taken, the case of *Rosenberg* v. *Salomon et al., Impleaded, etc.* (144 N. Y. 92), has been decided by the Court of Appeals. If the case of *Chapman* v. *Forbes* (*supra*) can be construed as sustaining the contention of the respondent's counsel, the doctrine of that case must, we think, be held to have been modified and limited by the *Rosenberg* case.

The latter case was an action of replevin brought against the sheriff of Kings county to recover the possession of certain chattels levied on by him under execution against Salomon and Wolf. Salomon and Wolf were not made parties, and they applied for leave to intervene as parties defendant. Their motion was granted ; the order was affirmed at General Term and again in the Court of Appeals. The court held that section 452 of the Code, with its new and added provision, applies to legal as well as equity actions. The appellant made a case entitling him to be made a party defendant.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted.

DWIGHT, P. J., and BRADLEY, J., concurred.

Order reversed and motion granted, with ten dollars costs and disbursements.