MADDOX, APPELLANT, *v.* TEAGUE, ADMINISTRATOR, ET AL. GADDIS, INTERVENOR, RESPONDENT.

[Submitted November 11, 1896. Decided December 21, 1896.]

INTERVENTION—*Joint mortgagees.*—Where one of two joint mortgagees institutes an action against the sheriff on his official bond for failure to pay over the proceeds of a sale of the mortgaged property in satisfaction of his claim, which is alone sufficient to exhaust the penalty of the bond, the other mortgagee, whose claim is likewise unpaid, has such an interest in the matter in litigation as to entitle him to intervene. (*Maddox* v. *Rader,* 9 Mont. 126, affirmed.)

*Appeal from Ninth Judicial District, Meagher County.*

ACTION on sheriff's bond. Judgment was rendered for the plaintiff and intervenor below by HENRY, J. Plaintiff appeals from the judgment in favor of the intervenor. Affirmed.

*Toole & Wallace,* for Appellant.

Respondent should not have been permitted to intervene. (*Horn* v. *Volcano Water Co.,* 13 Cal. 62; *Smith* v. *Gale,* 144 U. S. 509; *Lewis* v. *Harwood,* 28 Minn. 428; *Speyer* v. *Ihmels,* 21 Cal. 287; *Gradwohl* v. *Harris,* 29 Cal. 154; *Stich* v. *Dickenson,* 38 Cal. 611; Pomeroy on Rem. § 423-431; note to *Brown* v. *Saul,* 19 Am. Dec. 181; *Cook* v. *Dillon,* 74 Am. Dec. 354, 356; *Governor* v. *Hicks,* 12 Ga. 186; *Rhodes* v. *Booth,* 14 Ia. 575; 2 Am. & Eng. Ency. of Law, 467, g. note 3.)

*Carpenter & Carpenter*, for Respondent.

Gaddis had a right to intervene. (See cases cited in *Maddox v. Rader*, 9 Mont. 131; see, also, *Durfee* v. *Grinnell*, 69 Ill. 371; 1 Beach on Mod. Eq. Jur. § 465; *Penzel* v. *Brookmire*, 50 Ark. 105; *Coburn* v. *Smart*, 53 Cal. 742.)

De Witt, J.—We have here another appeal in the case in which we rendered a decision, reported *ante*, page 512. This appeal is by the plaintiff below as against the intervenor Gaddis. Appellant here alleges error of the court below in allowing the intervention of Gaddis. For a statement of the case see the former decision, *ante*, page 512, and also the decision on the first appeal, 9 Mont. 126.

Gaddis, the intervenor and respondent here, defends the action of the lower court in allowing him to intervene upon two grounds. First : That the allowance of intervention is now the law of the case, for the reason that it was decided in the old appeal, 9 Mont. 126; Second : That the decision upon this question in 9 Mont. is correct in law.

The decision upon the first appeal that Gaddis had a right to intervene, was made upon a stipulation of counsel that the court should decide that question. (See page 136, 9 Mont.) A dissenting opinion in that case, however, contends that the court had no jurisdiction to decide that point, because no appeal had been taken by the party alleged to have been aggrieved. We shall not now determine whether the decision in that respect, made by the court on the old appeal, is now the law of the case, because we are of the opinion that the decision was correct in law and may now be so held as an original question. The reasons for the correctness of the decision, we are of opinion, are well set forth in the opinion upon the first appeal. (Page 137, 9 Mont.) See also the authorities cited by the respondent Gaddis in that case. See, also, *Coburn* v. *Smart*, 53 Cal. 742.

Upon the question of division of the proceeds of a mortgage securing several notes, we also add the following remarks in 1 Beach on Modern Equity Jurisprudence, § 465.

"But the weight of authority, especially of the more recent decisions, is that the proceeds should be applied *pro rata* in part payment of the several notes, irrespective of their dates of maturity or assignment; and this rule would seem to be the most equitable, and not less upon purely technical distinctions." (See, also, cases cited in this text.)

We are certainly of opinion that Gaddis—the third person—had an interest in the matter in litigation. The matter in litigation was the only security by which he could realize upon his note. Adopting the language of Mr. Pomeroy, quoted in 9 Mont., we think it is true that if the original action of Maddox had never been commenced, and Gaddis had first brought the action as sole plaintiff, he would have been entitled to recover in his own name to the extent, at least, sought.

It is, therefore, ordered that the judgment in the case be affirmed.

*Affirmed.*

PEMBERTON, C. J., concurs.   HUNT, J., disqualified.

