### H. A. HOLCOMB v. WILLIAM J. STRETCH.

November 14, 1898.

Nos. 11,420—(115).

Adverse Claims—Intervention—G. S. 1894, § 5206—Application to Defend after Trial—No Defense to Intervenor's Claim.

In an action to determine adverse claims to real property, the plaintiff claimed title under a deed from the defendant, while the intervenor claimed title under a sale of the land for taxes. The trial court held that the intervenor had acquired title to the land under the tax sale. In an application, under G. S. 1894, § 5206, for leave to defend the action, the defendant alleged as a defense to the plaintiff's claim that he never executed any conveyance of the land, but did not state that he had any defense to the intervenor's claim under his tax title, which, if valid, extinguished the claim of both plaintiff and defendant. *Held*, that there was no error in the court's refusal to allow defendant to defend the action.

Action in the district court for St. Louis county to determine adverse claims to real estate. Service of the summons was made on defendant, who was a nonresident, by publication, and an an-

swer was interposed which purported to be made in his behalf. Thomas Martin intervened. The case was tried before Cant, J., who on the issues between plaintiff and defendant found in favor of plaintiff, and on the issues between the intervenor and defendant found in favor of the intervenor. Thereafter defendant made a motion that all proceedings subsequent to service of the summons by publication be set aside and that he be relieved therefrom under G. S. 1894, § 5206, on the ground that he had no notice of the pendency of the action until after the trial, and on the ground of inadvertence, surprise and excusable neglect under section 5267, and in case of denial of such relief for a new trial on the ground of accident and surprise and newly-discovered evidence. From an order denying said motion, defendant appealed. Affirmed.

*Crassweller & Crassweller* and *Wilson G. Crosby*, for appellant.

*John G. Williams*, for respondent intervenor.

MITCHELL, J.

This action was brought against defendant to determine adverse claims to real estate. The land which is the subject of this action originally belonged to defendant. Plaintiff claimed title under an alleged lost and unrecorded deed from the defendant. Service of the summons was made on the defendant by publication. Martin intervened in the action, claiming to be the owner of the land under a tax title. Defendant had moved from the state some 24 years previously, and during all that time had never returned to the state, or communicated with any one in the state, or paid any attention to the land. One McKinley—a nephew of the defendant, residing in Duluth—without authority employed attorneys to appear and answer for the defendant in the action.

The defense set up in the answer to plaintiff's complaint was, in legal effect, that defendant had never executed any conveyance of the land, and was still the owner of it. The defense set up in the answer to the intervenor's complaint was that the defendant, through McKinley, had seasonably redeemed the land from the tax sale through which the intervenor claimed title. Upon the issue between the plaintiff and defendant the trial court found in favor of the plaintiff, and on the issue between the intervenor and the

defendant it found in favor of the intervenor, and, as a conclusion of law, held that he was the owner of the land. Judgment was ordered accordingly. Within one year thereafter the defendant appeared and moved, under G. S. 1894, § 5206, to be allowed to defend the action. The court denied the motion, and from that order the defendant appealed.

There is one conclusive reason, if no other, why the court was justified in denying defendant's application. In defendant's motion papers the only defense which defendant claims to have is that he never executed the alleged deed of the land under which plaintiff claims. This would be a defense as against plaintiff, but none as against the intervenor. He nowhere alleges or suggests that he has any defense to the intervenor's claim of title under the tax sale, and, if he has none, a defense to plaintiff's claim would be of no avail, for neither of them would have any title to or interest in the land.

This disposes of this appeal, but, to avoid misapprehension as to the law, it is expedient to refer to a point not suggested in this court, and apparently not in the court below. Clearly, Martin had no right to intervene in the action, for he could neither gain nor lose by a judgment in the action between the plaintiff and defendant. It would in no way affect his title under the tax sale. Lewis v. Harwood, 28 Minn. 428, 10 N. W. 586. But this would be waived if the parties plaintiff and defendant voluntarily litigate the issues tendered by an intervenor. The record is entirely silent as to how, if at all, the intervenor acquired jurisdiction of the person of the defendant. The publication of the summons by the plaintiff would give the court jurisdiction of the defendant for the purpose of litigating her claim to the land, but not for the purpose of litigating the intervenor's claim to the land under the tax title, which was an independent title, adverse and paramount to the claims of both plaintiff and defendant. Hence, if the appearance in the action in behalf of the defendant was unauthorized, and the court did not otherwise acquire jurisdiction of his person for the purpose of litigating the claim of the intervenor, the judgment in favor of the latter was, as to defendant, absolutely void, for want of jurisdiction. But, as already suggested, the defendant did not move to

set aside the judgment on any such ground, and the point has not been raised or suggested by counsel.

Order affirmed.