(85 App. Div. 485.)

### HOSMER et al. v. DARRAH et al.

(Supreme Court, Appellate Division, First Department. July 7, 1903.)

1. INTERVENTION—INTERESTED PARTY.

Certain stock was sold to a corporation, a part of the consideration being notes indorsed by a stockholder of the corporation. Subsequently the sellers of the stock sued to rescind the sale, and, pending the suit, defendant became insolvent, and its receiver was substituted. Plaintiffs and receiver made a settlement providing that a judgment should be entered that neither party was entitled to rescind, and that the receiver should transfer all stock back to plaintiffs. *Held*, that the indorser of the notes was entitled to intervene under Code Civ. Proc. § 452, providing that, where a person not a party to an action has an interest in the subject thereof, the court, on application, must direct him to be brought in by proper amendment.

Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by William B. Hosmer and others against James H. Darrah and others, in which Frank P. McDermott, as receiver of the Standard Shoe Machinery Company, was substituted therefor as defendant, and Ebenezer B. Beecher moved for leave to intervene. From an order denying the motion (79 N. Y. Supp. 390) movant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Chas. E. Rushmore, for appellant.

Henry B. Twombly, for respondents Willard B. Hosmer and others.

Frederick E. Anderson, for respondent Frank P. McDermott.

INGRAHAM, J. The action was brought for a rescission of a contract for the sale of the stock of a corporation, owned by the plaintiffs, to the defendant, the Standard Shoe Machinery Company, upon the ground of fraud. The defendants answered, denying the fraud alleged in the complaint, alleging fraud on the part of the plaintiffs, and asking, as affirmative relief, for a rescission of the sale. An injunction was granted restraining the defendants from delivering the stock that the plaintiffs had sold to the defendant corporation. Before the action could be tried, the Standard Company became insolvent, a receiver was appointed by the Court of Chancery of the state of New Jersey, and such receiver was subsequently substituted as a defendant in the place of the Standard Company. As a part of

the consideration for the sale of this stock by the plaintiffs to the defendant corporation, certain promissory notes were given, which were indorsed by Beecher, the appellant. Some of these notes were paid, but others remained unpaid, amounting in the aggregate to over $10,000. After the appointment of the receiver, negotiations were had between him and the plaintiffs, and a settlement was arrived at by which the plaintiffs agreed to pay to the receiver the sum of $10,000; the receiver to consent that a judgment in this action be entered adjudging that neither party is entitled to rescind the contract of sale of the stock made by the plaintiff to the defendants; the receiver to transfer the stock back to the plaintiffs. The effect of such a judgment would be that Beecher would be liable to the plaintiffs on his indorsements upon the promissory notes given by the defendant corporation to the plaintiffs. As a result of this settlement, the plaintiffs will have received back the stock that they sold to the corporation, and retain in their possession, over and above the amount actually paid to the receiver, upwards of $20,000, with this claim against Beecher, as indorser of the promissory notes given by the Standard Company, for $10,000. While this may be a good bargain for the receiver, it does not appear to be advantageous to Beecher. It is alleged, and not disputed, that Beecher and the defendant Darrah are the owners of a large majority of the stock of the Standard Company, but that corporation seems to have been dissolved by the appointment of the receiver, as he was substituted in its place as defendant, and he has agreed with the plaintiffs to enter a judgment in this action confirming the sale.

I think the court has power, under section 452 of the Code, to allow Beecher to intervene and to be made a party to the action. That section provides that "where a person, not a party to the action, has an interest in the subject thereof, * * * and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment." Beecher is not a party to the action, but has an interest in the subject thereof. He is a large stockholder of the corporation whose rights are to be determined by the judgment to be entered in this action. He is also a large creditor of that corporation. He is also contingently liable upon these notes given by the corporation, if there is not a rescission of the sale as demanded by both parties. The action is in equity, and, if the settlement with the receiver is a proper one to be carried out, Beecher's intervention will not prevent the proper judgment from being entered. The receiver has, by his action in making this settlement, placed himself in antagonism to Beecher. The court below denied the motion, upon the ground that the plaintiff was represented in this action by the receiver; but, as the receiver by this settlement has agreed that a judgment in this action should be entered which would seriously affect Beecher, he should have an opportunity of appearing and contesting the right of the plaintiffs and the receiver to enter a judgment which is directly contrary to what is claimed by both of the parties in the original pleading, and which would devolve upon Beecher a liability which, if the allegations in either the complaint or answer are correct, should not be enforced against him.

The order appealed from should therefore be reversed, and the motion granted, to the extent of allowing Beecher to intervene in the action, upon condition, however, that Beecher stipulate that such intervention will be without prejudice to the position of the case upon the calendar; that he serve an answer within 10 days after the entry of the order, and that the case proceed to trial without further notice; and with $10 costs and disbursements of this appeal to the appellant, to abide the final result of the action.  All concur, except LAUGHLIN, J., who dissents.