FRED. H. LAKE and Another v. A. T. LUND.[1]

June 3, 1904.

Nos. 13,822—(99).

**Conversion—Evidence.**

> Action for conversion of certain wheat, upon which plaintiffs held a chattel mortgage. The defendant purchased the wheat from the mortgagor. The defense was that the mortgagor was a minor when he executed the mortgage, and that he disaffirmed the mortgage before the sale. *Held,* that the evidence was insufficient to show such fact.

Action before a justice of the peace for Otter Tail county to recover $93.60 and interest for the conversion of certain wheat, in which action Andrew Bogen filed a complaint of intervention. Plaintiffs having recovered judgment for the sum demanded, defendant and intervenor appealed to the district court for that county. The case was tried de novo before Searle, J., who directed a verdict in favor of plaintiffs. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Geo. W. Downing* and *J. O. Barke,* for appellant.

*Houpt & Field,* for respondents.

START, C. J.

Action for conversion, originating in justice court. The complaint alleged that on October 10, 1898, the plaintiffs were the owners and entitled to the possession of one hundred fifty bushels of wheat, of the value of $93.60, which the defendant on that day seized, carried away, and converted to his own use. The answer of the defendant was a general denial. Andrew Bogen filed a complaint of intervention,

[1] Reported in 99 N. W. 884.

which is not here material. The plaintiffs had judgment in justice court against the defendant for the value of the wheat. The defendant and intervenor appealed from the judgment to the district court of the county of Otter Tail on questions of law and fact. On the trial of the cause in the district court a verdict was directed for the plaintiffs for the value of the wheat and interest. The defendant appealed to this court from an order denying his motion for a new trial. The intervenor did not appeal.

The important question presented by the record on the defendant's appeal is whether the instruction of the trial court to the jury to return a verdict for the plaintiffs was justified by the evidence. The undisputed evidence established these facts: On March 14, 1898, the plaintiffs entered into a written executory contract with Andrew Bogen, hereafter referred to as the vendee, whereby they agreed to sell and convey to him eighty acres of land therein described upon being paid by him the sum of $1,000, which amount the vendee agreed to pay to them in instalments for the land. The first instalment of $50 was paid when the contract was executed. As a part of the same contract and transaction, and to secure $450 of the purchase price of the land, the vendee executed to the plaintiffs a chattel mortgage upon the crops to be raised by him on the land for the years 1898, 1899, and 1900. This mortgage was duly filed. The vendee, pursuant to such contract, entered into possession of the land, and raised thereon the wheat here in controversy during the cropping season of 1898. He furnished the seed and labor necessary to raise the crop. In September of that year he went to North Dakota, leaving the crop in charge of his mother, who, in his absence, and on October 10, 1898, sold the wheat to the defendant. Thereupon the plaintiffs duly demanded it of him, which was refused. The wheat was of the value of $82.31, and no part of the amount secured by the chattel mortgage has been paid.

The vendee, at the time he entered into the contract for the purchase of the land and made the mortgage, was a minor, and did not reach his majority until November 27, 1898. The plaintiffs, however, did not know at the time they executed the contract to convey the land to him that he was a minor. The sole defense was that the vendee was a minor when he made the contract and executed the mortgage, and that he had disaffirmed them at or before the time of the sale of

the wheat to the defendant. A year after the vendee became of legal age, he filed a complaint of intervention herein, in which he alleged that prior to the sale of the wheat he disaffirmed and rescinded, "and does now disaffirm and rescind, said contract and chattel mortgage."

The mere act of filing this complaint of intervention could not affect the plaintiffs' right of action against the defendant, for such act was done more than a year after the respective rights and liabilities of the plaintiffs and defendant became fixed. The defendant, however, called the vendee, and attempted to show such disaffirmance by his testimony. He testified that before he went to North Dakota he saw one of the plaintiffs, and told him that he could not raise the payment, and, further, that after the sale of the wheat he had a conversation with the same party about such sale, who told him that he would make him and his mother trouble for selling it. The vendee has not been in the actual possession of the land since the sale of the wheat. The vendee was asked the general question whether he ever disaffirmed the contract. The court properly sustained the objection made to this question for it called for the conclusion of the witness. The court, however, ruled that anything the vendee said or did in the premises was admissible. Other than as stated, nothing was said or done by the vendee with reference to disaffirming the contract and mortgage.

It is claimed that the sale of the wheat was a disaffirmance. Whatever might have been the case if the mortgage had been the entire contract, the fact remains that it was not, and that the vendee could not disaffirm a part of the transaction, and affirm the part which was beneficial to him. Cogley v. Cushman, 16 Minn. 354 (397). He could not disaffirm the mortgage, and retain his contract for the purchase of the land. The evidence was wholly insufficient to sustain a verdict that the vendee had at any time disaffirmed the contract and mortgage.

But it is claimed by the defendant that the rule that crops raised and harvested by a trespasser or a disseisor or tenant holding over after the expiration of his term, or a mortgagor holding over after the time for redemption from a foreclosure sale has expired, belong to him, applies to this case. Lindsay v. Winona & St. P. R. Co., 29 Minn. 411, 13 N. W. 191; Woodcock v. Carlson, 41 Minn. 542, 43 N. W. 479; Aultman & Taylor Co. v. O'Dowd, 73 Minn. 58, 75 N. W. 756. In such cases the remedy of the landowner is an action for damages done

to, and for withholding possession of, the land by the wrongdoer. The rule can have no application to this case, for the vendee was lawfully in possession of the land, and the plaintiffs have no cause of action against him for the recovery of damages as a wrongdoer; and, further, the plaintiffs' title to the wheat raised by the vendee was vested in them by the express contract of the vendee.

The defendant further claims that it was error for the trial court to exclude evidence as to the plaintiffs offering to rent the land to third parties; also as to its value, and its rental value for the year 1898, the number of acres under cultivation, and improvements made by the vendee. Waiving the plaintiff's objection as to the sufficiency of the assignments of error to raise these questions, we are of the opinion that the rulings of the court were correct, in view of the fact that there was no evidence to take the case to the jury on the question of a disaffirmance of the contract to convey the land and the chattel mortgage. The matters to which the proposed evidence related were wholly immaterial, unless there was evidence fairly tending to show a disaffirmance of the entire transaction.

Order affirmed.