# JOHN I. FARICY v. ST. PAUL INVESTMENT & SAVINGS SOCIETY.[1]

March 11, 1910.

Nos. 16,429—(130).

**Intervention.**

Plaintiff sought judgment for one hundred four $1,000 bonds. Defendant asserted the statute of limitations, usury, a conspiracy between plaintiff and other persons not the owners of the bonds for a contingent fee to recover judgment thereon as the basis of enforcement of stockholders' liability, that the plaintiff was not the real party in interest, and other defenses. The receiver of a loan association sought to intervene, alleging ownership of the bonds, their possession by plaintiff through fraud, the insolvency of defendant, and necessity for intervention as a basis for an action to recover stockholders' liability. It is *held:*

1. Intervention is an act by which a third party becomes a party in a suit pending between other parties.

2. Current statutory provisions with reference thereto have been applied to both legal and to equitable controversies, and alike whether they concern real or personal property.

3. Previous decisions of this court do not compel a construction of section 4140, R. L. 1905, that the right to intervene exists only where the party applying for leave to intervene would necessarily gain or lose by the direct legal effect of the judgment therein if he did not become a party to the action.

4. Such a statute is to be liberally construed in the interests of good practice, with due reference to its terms and to the nature of the issues involved, so as to effectuate the legislative intention, by avoiding formalism of remedy, circuity of action, multiplicity of suits, and so as to conduce to the speedy and simple administration of justice.

[1]Reported in 125 N. W. 676.

5. Under the circumstances of this case, the trial court properly held that the appellant was entitled to intervene, inasmuch as he would necessarily gain or lose by the direct legal effect of the judgment therein if he became a party to the action.

6. The fact that a person seeking to intervene in an action might protect his interests in some other way does not render the grant of his application improper.

Action in the district court for Ramsey county to recover $104,000 upon certain bonds issued and sold by defendant society to the Building & Loan Association of Dakota, and alleged to have been sold to plaintiff. The defenses set up by defendant society are stated in the opinion. C. F. Easton, as receiver of the Dakota Building & Loan Association, served a complaint in intervention, the substance of which is given in the opinion. Plaintiff answered the complaint in intervention and defendant demurred to it on the grounds (1) the facts stated did not constitute a cause of intervention, and (2) the facts stated did not show intervener has such an interest in the litigation that the intervener may or can gain or lose by the direct legal effect of the judgment therein. Defendant also moved to strike out the complaint in intervention. The demurrer was overruled and the motion to strike out was denied, Bunn, J. From that order, defendant appealed. Affirmed.

*Henry C. James* and *How, Butler & Mitchell,* for appellant.
*Young & Stone* and *Taubman & Williamson,* for respondent.

JAGGARD, J.

Plaintiff and respondent brought an action against defendant and appellant, demanding money judgment for one hundred four $1,000 bonds, with interest. Defendant's answer set forth: The statute of limitations barred the action; the bonds were void for usury; plaintiff and other persons having no interest in the bonds agreed with each other to secure an arrangement with the true owner of the bonds whereby the stockholders' liability for said bonds should be enforced for a share of the proceeds; plaintiff had no interest in the bonds, and was not the real party in interest; and other defenses not material here. The reply completed the issues.

One Easton, as receiver of the Building & Loan Association of Dakota, then sought to intervene. His complaint set forth his proper appointment as receiver; the purchase by the insolvent company of the one hundred four bonds for full value; the authority from the appointing court to intervene; possession of the bonds by plaintiff through fraud; the insolvency of defendant; and the necessity of intervention in order that an action against the stockholders to recover on the stockholders' liability might be commenced. It prayed judgment that the receiver be adjudged the owner of the bonds, that plaintiff be held to have no interest therein or thereto, and that intervener have judgment for the amount of the principal and interest.

Plaintiff answered the complaint of intervener. The trial court overruled defendant's demurrer and motion to strike out, and required the defendant to answer therein. From this order, defendant appealed.

1. Intervention, in modern practice, as well as in the civil law, is an act or proceeding by which a third party becomes a párty in a suit pending between others. 11 Enc. Pl. & Pr. 495. And see Cyc. Law Dict. 496, 68 L.R.A. 736; 123 Am. St. 280. It has been said to have been unknown to the common-law courts of law and equity. Hyman v. Cameron, 46 Miss. 725, 727. And see 68 L.R.A. 736; 123 Am. St. 281; 2 Chitty, Gen. Pr. 492. Doubt has been expressed whether there is any inherent power in the court to introduce a third party into the controversy despite objections; but such power has been asserted, in cases not within the relevant statute, to prevent the perpetration of injustice. Gibson v. Ferrell, 77 Kan. 454, 94 Pac. 783. Compare Merchants v. Hagemeyer, 4 App. Div. 52, 38 N. Y. Supp. 626, with Rosenberg v. Courtney, 8 Misc. 616, 29 N. Y. Supp. 327. And see In re Etheridge Furniture Co. (D. C.) 92 Fed. 329; Goldman v. Smith (D. C.) 93 Fed. 182.

The current statutory provisions, which vary more in terms than in construed effect, have been broadly interpreted to apply alike to legal and equitable causes. (Pomeroy, Rem. & Rem. Rights, § 430, p. 474. Cf. Chapman v. Forbes, 123 N. Y. 532, 26 N. E. 3; Rosenburg v. Salomon, 144 N. Y. 92, 38 N. E. 982; Graves v. Masonic,

85 Hun, 496, 33 N. Y. Supp. 362) and to controversies concerning both real and personal property, and even to reputation (post).

The right to intervene in this state is prescribed. By section 4140, R. L. 1905: "Any person having such an interest in the matter in litigation between others that he may either gain or lose by the direct legal effect of the judgment therein may serve a complaint in the pending action, at any time before the trial begins, alleging the facts which show such interest, and demanding appropriate relief against either or both of the parties." The immediate question is whether that provision of the statute is to be interpreted as meaning that such person may gain or lose by the direct legal effect of the judgment (1) by becoming a party to the action or (2) without becoming a party to the action. If the former construction be adopted, defendant must prevail; if the latter, the intervenor.

2. The defendant insists that this court has settled the construction of this statute, so far as this case is concerned, in favor of defendant. It is true that in Bennett v. Whitcomb, 25 Minn. 148, decided under the broad statute of 1876 (page 69, Laws 1876), the court approved Gasquet v. Johnson, 1 La. 425, and quoted at page 152 from it this language with reference to the interest of the intervening party: "This, we suppose, must be a direct interest, by which the intervening party is to obtain immediate gain or suffer loss by the judgment which may be rendered between the original parties." This was not, therefore, an expression of independent opinion by this court. The case itself involved an independent judicial inquiry as to the validity of separate titles—the fee against the tax title; this case, a direct inquiry as to one title to the bonds claimed by both parties adverse to the other and the determination of the validity of alleged defenses to the enforcement of the bonds. It cannot, however, be successfully denied that this case tends to sustain the defendant's position. In Smith v. Gale, 144 U. S. 509, 12 Sup. Ct., at page 676, 36 L. Ed. 521, the Louisiana case was construed as defendant insists. All, however, that was there decided was that the contingency of being held on covenants of warranty given by one of the parties was not such interest in the subject-matter as to entitle to intervention. And see Omaha v. Beeson, 36 Neb. 361, 54 N. W. 557; Yetzer

v. Young, 3 S. D. 263, 52 N. W. 1054; Gale v. Frazier, 4 Dak. 196, 30 N. W. 138. It is to be noted, however, that in Horn v. Volcano, 13 Cal. 62, at pages 70, 71, 73 Am. Dec. 569, the same part of the opinion from Gasquet v. Johnson, 1 La. 425, 431 (O. S.) which was quoted in Bennett v. Whitcomb, supra, was regarded by Field, J., as equivalent to this: "To authorize an intervention, therefore, the interest must be that created by a claim to the demand or some part thereof * * * which is the subject of litigation." It was accordingly held that, while a simple contract creditor had not the right to intervene, an application of a judgment creditor should be allowed. Hillier v. Stewart, 26 Oh. St. 652, State v. Central Pacific, 10 Nev. 87, and Britton v. Bohde, 85 Hun, 449, 32 N. Y. Supp. 882, also tend to support defendant's view. Many other cases on the subject in this state are not especially significant, so far as the issues of this case are concerned, do not necessitate the construction for which defendant insists, and do not substantially tend to justify intervenor's view. See Lewis v. Harwood, 28 Minn. 428, 10 N. W. 586; Wohlwend v. J. I. Case Threshing-Machine Co., 42 Minn. 500, 502, 44 N. W. 517; Becker v. Northway, 44 Minn. 61, 46 N. W. 210, 20 Am. St. 547; Dennis v. Spencer, 51 Minn. 259, 53 N. W. 631, 38 Am. St. 499; Smith v. City of St. Paul, 65 Minn. 295, 296, 68 N. W. 32; Steenerson v. Great Northern Ry. Co., 69 Minn. 353, 72 N. W. 713; Holcomb v. Stretch, 74 Minn. 234, 76 N. W. 1132; Lake v. Lund, 92 Minn. 280, 99 N. W. 884.

The later cases decided by this court tend to support the construction urged by the intervener and adopted by the trial court.

In Wohlwend v. J. I. Case Threshing-Machine Co., 42 Minn. 500, 44 N. W. 517, it was held that: "A person holding a mortgage upon personal property, his debt being due, unpaid, and exceeding in amount the value of mortgaged property alleged to have been destroyed by the negligence of a third person, has an interest of such direct and immediate character in the result of an action brought by the mortgagor against such third person, to recover the value of said property, as will entitle him to intervene and participate in the litigation." In McAllen v. Hodge, 92 Minn. 68, 99 N. W. 424, a divorced husband and his former wife entered into an agreement re-

leasing all claims on her part against all persons for the alienation of her husband's affections and agreed that no action should be brought by her on account thereof. Subsequently she sued certain persons to recover damages for the alienation of her husband's affections. The former husband intervened and was allowed to interpose this contract as defense to the action. Having considered Lewis v. Harwood, 28 Minn. 428, 10 N. W. 586, and Bennett v. Whitcomb, Lewis, J., said: "In this case the intervener certainly has an interest in the subject-matter of the litigation. He is interested in the success of defendants, and while it may not be of such direct and immediate character that he will either gain or lose by the legal operation and effect of the judgment in a pecuniary sense, still he has an interest, growing out of the contract, in preventing such litigation and protecting himself from public criticism." This construction of the statute is obviously liberal. Cf. 11 Enc. Pl. & Pr. 496.

In Walker v. Sanders, 103 Minn. 124, 114 N. W. 649, a grantor sued to set aside a deed for fraud, and his grantee was allowed pendente lite to intervene and join with the plaintiff in his attack on the deed. Brown, J., said: "That the intervener in this case brings himself within the statute we are quite clear. He has succeeded to the plaintiff's title to the property in controversy, and if the judgment be in plaintiff's favor he will gain directly thereby; for it will clear the title of defendant's claim and obviate another suit to determine the same questions. He probably would not lose any of his rights by a judgment for defendant; for it is doubtful, not being a party to the suit, whether he would be bound thereby. But that he would gain, should plaintiff prevail, is beyond question." And see Brooks v. Hager, 5 Cal. 281; Marigny v. Nivet, 2 La. 498; 31 Cyc. 517; Keathly v. Branch, 84 N. C. 202.

The statutory provisions in other states on the subject are various, and the definitions of intervening interest which will be sufficient to entitle a party to intervene are not consistent (11 Enc. Pl. & Pr. 497), but on analysis appear to be substantially similar. Under the general rule, however, that an intervention is proper by a person having his claim or lien upon funds which are the subject of the action, the order must be affirmed. County of Yuba v. Adams, 7 Cal. 35;

People v. Talmage, 6 Cal. 256; Davis v. Eppinger, 18 Cal. 378, 79 Am. Dec. 184. Cf. Dixey v. Pollock, 8 Cal. 570; Speyer v. Ihmels, 21 Cal. 280, 81 Am. Dec. 157; Coghill v. Marks, 29 Cal. 673; Dutil v. Pacheco, 21 Cal. 438, 82 Am. Dec. 749; Coster v. Brown, 23 Cal. 142; Maddox v. Rader, 9 Mont. 126, 22 Pac. 386; Robinson v. Crescent, 93 Cal. 316, 28 Pac. 950; Dennis v. Kolm, 131 Cal. 91, 63 Pac. 141; Gradwohl v. Harris, 29 Cal. 150; Coffey v. Greenfield, 55 Cal. 382; Hall v. Jack, 32 Md. 253; Morey v. Lett, 18 Colo. 128, 31 Pac. 857; Sprague v. Bond, 113 N. C. 551, 18 S. E. 701; Maddox v. Teague, 18 Mont. 593, 47 Pac. 209; Hosmer v. Darrah, 85 App. Div. 485, 83 N. Y. Supp. 413; Jacobson v. Landolt, 73 Wis. 142, 40 N. W. 636, 9 Am. St. 767; Brown v. Bryan, 31 Iowa, 556; Des Moines v. Lent, 75 Iowa, 522, 39 N. W. 826.

As to right of surety to intervene in action against principal, see. note to Carlton v. Price (121 Ga. 12) 68 L.R.A. 736; Bray v. Booker, 6 N. D. 526, 72 N. W. 933; Moline v. Hamilton, 56 Neb. 132, 76 N. W. 455; McNamara v. Crystal, 23 Wash. 26, 62 Pac. 81; Ragland v. Wisrock, 61 Tex. 392; McClurg v. State, 3 S. D. 362, 53 N. W. 428, 44 Am. St. 799.

"The doctrine," says Mr. Pomeroy, "may be expressed in the following manner: The intervener's interest must be such that if the original action had never been commenced, and he had first brought it as the sole plaintiff, he would have been entitled to recover in his own name to the extent at least of a part of the relief sought; or, if the action had first been brought against him as the defendant, he would have been able to defeat the recovery in part at least." Pomeroy, Rem. & Rem. Rights, § 430, p. 474. In a particularly valuable note to Walker v. Sanders, 103 Minn. 124, 114 N. W. 649, in 123 Am. St. 280, at page 298, reviewing many cases, the conclusion is reached: "Any loss or gain by the direct legal effect and operation of a judgment, it is true, will generally, if not universally, justify the granting of an application for leave to intervene; but that this is essential in all cases to sustain an intervention, even though it is so declared by statute, is confidently denied. No one so loses or gains in the strict sense of the term unless he is a party or in privity with a party to the proceedings."

It seems to be agreed that, if the intervener might protect his interest in the subject of the litigation in some other way, that fact does not render it error to grant his application. Wynn v. Irvine, 109 Ga. 287, 34 S. E. 582; Taylor v. Bank, 9 S. D. 572, 70 N. W. 834.

The statute does not expressly exclude the construction for which the intervener contends. It is consistent with it. The previous opinions of this court to which we have referred have, taken as a whole, inclined to construe it liberally. We think it is reasonable to so construe it, in the interest of good practice, with due reference, not only to its terms, but also with reference to the nature of the issues involved and the situation actually presented. Like allied provisions as to interpleader and consolidation, it was designed to ameliorate the evils of the technical practice which had grown up from following the strictly logical sequences of admitted legal principles governing parties to actions. It is the duty of the court to effectuate this expression of legislative intention by giving it such interpretation as will avoid formalism of remedy, circuity of action, multiplicity of suits, and as will generally conduce to the simple administration of justice. It consists with the policy of the law to afford speedy trials of all legally related issues and to end litigation. The reasoning on the statute should not be nominalistic, but practical. The law should penetrate "beyond names and forms and externals into the very substance and kernel." Dillon, J., in Taylor v. Adair, 22 Iowa, 279 (in which the equitable owner of a promissory note was allowed to obtain a recovery by intervening in an action at law brought by the person holding the possession and to litigate the title to the note against the maker). This view is in harmony with the construction placed on similar statutes in other states. See cases in 12 Current Law, 1186, et seq.

Here the issue as to the real party in interest was raised by defendant himself. It is important to all parties that this issue should be promptly tried and determined. The intervener claimed that plaintiff had obtained possession of the bonds by fraud, and that he and not the plaintiff was the real party in interest. According to his pleadings, his was a true and immediate interest in the subject-matter of the litigation. He had both the beneficial and remedial interest. See 30 Cyc. 30. He would undoubtedly profit by the de-

cision in this action that he was such an owner and that the defenses interposed by defendant were not valid. If not made a party, and plaintiff prevailed, would he be remediless, or would he not be allowed in some form of proceeding to prevent the plaintiff from enforcing the judgment until his own claim had been tried? It does not appear that it would not be more advantageous to determine this by an earlier than by a later proceeding. The intervention did not change the nature of the action, nor involve litigation also of an additional subject. See 31 Cyc. 518. The issue presented by the original pleadings embraced the real ownership of the bonds and their validity. The intervention enabled the proper and complete determination of both these issues, and of no other issue. The defendant itself was interested to litigate his defense with the real party in interest, and not with a sham party. If the intervener be the real owner, it would be idle to litigate the defenses with plaintiff only, even if it be admitted that the intervener would not be directly affected by a decision for defendant. Defendant himself should not be compelled nor allowed to occupy the time of the courts with two trials and have two chances to win, as in ejectment. Allowance of intervention would prevent, not cause, delay. Its denial might in the natural course postpone the operation of a legitimate action to determine whether the foundation urged for the enforcement of the liability of defendant's stockholders existed. No inconvenience in trying these issues on intervention has been suggested. No prejudice to defendant is claimed. Defendant's argument is upon the mere wording of the statute.

We conclude that the trial court properly permitted the intervention in this case. To the extent involved in the particular facts it involves, we subscribe to the proposition that a party is entitled to intervene when he would necessarily gain or lose by the direct legal effect of the judgment therein if he became a party to the action, and to this extent only, and do not restrict the right to intervention to cases in which the intervener would gain or lose by the direct effect of the judgment if he were not made a party.

Affirmed.

O'BRIEN, J., having been of counsel, took no part.