In the Matter of the Estate of FRANCESCO F. CUSIMANO, Also Known as FRANCESCO CUSUMANO, Also Known as FRANK F. CUSIMANO, Deceased.

Surrogate's Court, Kings County, February 26, 1940.

*Alphonse J. Garafola,* for Nagareno Gullo and the Irving Trust Company, proponents, for the motion.

*Barber, Matters & Gay,* for Mrs. Jose Cusimano Irvine, Nina Cusimano and Olga Cusimano, contestants, opposed to the motion.

*William M. Capodici,* for Giuseppina Cusimano Minneci and Caterina Cusimano Campagno, legatees.

*Arthur J. Blank,* for Columbus Hospital and Missionary Sisters of the Sacred Heart, legatees.

*Breed, Abbott & Morgan,* for the United Hospital Fund of New York, legatee under a prior will.

WINGATE, S. The present motion in a pending probate proceeding seeks to compel three contestants, who were cited therein, and are statutory distributees and admittedly residents of Louisiana, to deposit security for costs. The moving affidavit states that they had little or no contact with the decedent for the past twenty years, that the objections have no basis in fact and are designated solely to harass the petitioners and to delay the proceedings in the hope of some sort of a settlement. All of the allegations of the objections are stated to be on information and belief.

The replying affidavit in addition to an admission of the non-residence of the contestants, states only that they " are in stringent financial circumstances " and that a requirement for the deposit of an undertaking " may well deny them their day in court."

The pertinent section of the Surrogate's Court Act in this connection is 282. So far as presently material, this reads: " In any proceeding where an issue is raised by answer or objection by or on

behalf of a non-resident of the State of New York against the proponent of a will * * * such proponent * * * shall be entitled in the discretion of the surrogate to have the person or persons raising such issue give security for costs."

The enactment is sufficiently explicit to satisfy the most exacting but the question inevitably arises as to what may happen if an order directing the giving of security by the respondents be granted and they default in compliance with its terms. The Surrogate's Court Act is silent as to the penalty which is capable of imposition. This absence is the more significant when the parallel provisions of the Civil Practice Act are perused.

Section 1529 of the Civil Practice Act provides that " where the *plaintiff* fails to comply with an order requiring him to give security for costs, or to procure the allowance of an undertaking given pursuant to such an order, the *defendant* is entitled to a judgment dismissing the complaint, and in his favor for costs. The *defendant* may apply therefor as upon a motion." (Italics supplied.)

The fact of the enactment of this statute tends to raise some inference that in its absence the drastic authority accorded thereby would not exist. Even were it to be granted, however, that it did, it is one thing to deny to one seeking an affirmative recovery the right to acquire a new advantage, and quite another to preclude an individual who potentially possesses a right *in rem* the opportunity to be heard in its defense. This distinction was emphasized in *Rosenberg* v. *Courtney* (8 Misc. 616, 617; affd., 144 N. Y. 92) where an intervenor sought to demonstrate his rights in a *rem* which was the subject-matter of an action in replevin. It was there said, " To deny their application to intervene as defendants and defend this action and contest plaintiff's claim, simply because they are unable to furnish a bond, would amount to a denial of an opportunity to defend any rights that they may have because of their inability to give security for costs in a case not provided for by the Code of Civil Procedure."

A proceeding for the probate of a will is closely analogous. It has often been styled a proceeding *in rem* or *quasi in rem*. (*Matter of Horton*, 217 N. Y. 363, 368; *Matter of Seppala*, 149 Misc. 479, 480; *Matter of Meiselman*, 138 id. 104, 107; *Matter of Larsen*, 137 id. 271, 272; *Matter of Herle*, 157 id. 352, 357.) Upon the death of a decedent, his net estate devolves automatically to his statutory distributees unless it be demonstrated that he made a legally permissible diverse disposition thereof by will. There is no presumption of validity of any given propounded document. As a result, a probate proceeding amounts to an affirmative assault upon the otherwise unquestionable rights of the statutory distributees of the decedent.

No doubt it would be competent for the Legislature to enact reasonable conditions upon the right of any person to litigate in the courts of this State, but as such conditions are in derogation of usual rights, they should not be extended beyond the letter of the statutory authorization.

In the present connection the Legislature has not seen fit to impose any penalty in the event that a respondent in a probate proceeding shall fail to comply with an order made pursuant to section 282 of the Surrogate's Court Act. Section 1529 of the Civil Practice Act does not supply the omission since, as will be observed from the words of its text italicized in the previous quotation, its terms apply a remedy only against a defaulting " plaintiff " in favor of a " defendant," and so far as the research of the court has disclosed, its remedy has never been successfully invoked against a defendant. A respondent in a probate proceeding is in no sense a plaintiff. He is injected into the litigation *in invitum* for the purpose of an express attack upon and nullification of his statutory rights.

It follows that were the present motion to be granted, it would be a potentially futile act, since the respondents might defy its directions with impunity, as the court would be impotent to penalize them. It could not strike out their objections for the reasons developed. It might conceivably stay their proceedings but this would likewise have the effect of staying the proponent with a resulting total stalemate.

The court is averse to the performance of an act the presumable result of which would be to advertise its lack of authority in the premises. The motion will be denied, without costs in the discretion of the court.

Enter order on notice in conformity herewith.